# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**TERRY GENTRY**, Individually and, on behalf of All Others Similarly Situated,

Plaintiff – Appellee,

v.

## HAMILTON-RYKER IT SOLUTIONS, LLC

Defendant – Appellant.

On Appeal from the United States District Court
for the Southern District of Texas
Civil Case No. 3:19-cv-00320

## PETITION FOR REHEARING *EN BANC* OF DEFENDANT – APPELLANT HAMILTON-RYKER IT SOLUTIONS, LLC

**Ashlee Cassman Grant**
Texas Bar No. 24082791
Federal ID No. 1607786
**Paul M. Knettel**
Texas Bar No. 24102031
Federal ID No. 3005240
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas  77002
Telephone:  (713) 751-1600
Facsimile:  (713) 751-1717
agrant@bakerlaw.com
pknettel@bakerlaw.com


ATTORNEYS FOR DEFENDANT – APPELLANT

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**TERRY GENTRY**, Individually and, on behalf of All Others Similarly Situated,

Plaintiff – Appellee,

v.

## HAMILTON-RYKER IT SOLUTIONS, LLC

Defendant – Appellant.

On Appeal from the United States District Court
for the Southern District of Texas
Civil Case No. 3:19-cv-00320

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

**Plaintiff – Appellee**
The Estate of Terry Gentry

**Opt-in Plaintiff**
Marc Taylor

**Counsel for Plaintiff – Appellee**

Shellist Lazarz Slobin, LLP, and Wage and Hour Firm:
1. Ricardo J. Prieto
2. Melinda Arbuckle

Bruckner Burch PLLC:
1. Richard J. (Rex) Burch

**Defendant – Appellant**

Hamilton-Ryker IT Solutions, LLC

**Counsel for Defendant – Appellant**

Baker & Hostetler LLP:
1. Ashlee Cassman Grant
2. Paul M. Knettel

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

Attorney of Record for Defendant – Appellant
Hamilton-Ryker IT Solutions, LLC

## GROUNDS FOR *EN BANC* REHEARING

Plaintiffs-Appellees were highly skilled engineers who undisputedly satisfied the job duties requirements for the Fair Labor Standards Act's ("FLSA") White-Collar exemptions.[1] They also undisputedly received <u>weekly</u> guaranteed salaries of $984 and $1,200, respectively, that were guaranteed in advance in writing and paid each week Plaintiffs performed <u>any</u> work for Defendant-Appellant Hamilton-Ryker IT Solutions, LLC ("HR-IT").

Nevertheless, the district court held Plaintiffs were non-exempt <u>solely</u> because they received additional hourly pay on top of their guaranteed weekly salaries, which the district court found violated the DOL's "reasonable relationship" test in 29 C.F.R. §541.604(b). The Panel summarily affirmed the district court's decision, without addressing (1) the Supreme Court's intervening decision in *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677 (2023); or (2) HR-IT's argument that 541.604(b) exceeds the DOL's authority to "define[] and delimit[]" the White-Collar exemptions.

*En banc* consideration is warranted for two reasons:

**(1) The Opinion directly conflicts with binding precedent: the Supreme Court's and this Court's *en banc Hewitt* opinions.** Both Courts held that where,

---

[1] 29 U.S.C. § 213(a) (exempting "any employee employed in a bona fide executive, administrative, or professional capacity") (the "White-Collar" exemptions). Plaintiffs also undisputedly received sufficient annual compensation to qualify for the Department of Labor's ("DOL") highly-compensated employee ("HCE") exemption. 29 C.F.R. § 541.601.

as here, employees receive a weekly guaranteed salary above the DOL's threshold, 541.602(a)'s salary basis test is met and 541.604(b) does not apply. *Hewitt*, 143 S. Ct. at 685 n.3 ("a pay scheme meeting §602(a) and the HCE rule's other requirements does not also have to meet §604(b) to make a worker exempt"); *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289, 297 (5th Cir. 2021) (*en banc*), *aff'd,* 143 S. Ct. 677 (finding "no actual conflict" with cases not applying 541.604(b) to "plaintiffs who ... were undisputedly guaranteed *weekly* base salaries above the qualifying level" (quotations omitted)). The Panel neither cited nor analyzed Plaintiffs' pay scheme under the Supreme Court's *Hewitt* opinion. Yet it affirmed, without explanation, the district court's decision to apply 541.604(b), even though Plaintiffs undisputedly received weekly salaries above the DOL's threshold. *En banc* review is warranted to resolve the conflict between this case and *Hewitt* regarding 541.604(b). *United States v. Brown*, 161 F.3d 256, 258 (5th Cir. 1998) (*en banc*) (rehearing to address "recent Supreme Court decisions").

It is also warranted to address the inconsistency between the Opinion and the decision of a separate panel of this Court in *Hebert v. FMC Techs., Inc.*, No. 22-20562, 2023 WL 4105427, at *2, n.5 (5th Cir. June 21, 2023), *pet. for rehearing* en banc *filed* (5th Cir. July 20, 2023), which reaffirmed that "Section 604(b) is inapplicable" to employees paid on a hybrid pay structure. *See United States v. Longoria*, 298 F.3d 367, 369 (5th Cir. 2002) (*en banc*) (rehearing to address court

"decisions [that] have espoused differing views" about how to interpret recent Supreme Court opinion). The Opinion also conflicts with the First and Second Circuits' *Litz* and *Anani* decisions,[2] and numerous other cases holding that 541.604(b) does not apply where, as here, employees receive a guaranteed weekly salary over the DOL's threshold plus hourly or daily pay.

**(2) This case involves a question of exceptional importance: whether the DOL's current "salary basis" regulations exceed its authority to "define[] and delimit[]" the White-Collar exemptions because they exclude from exempt status employees who undisputedly perform White-Collar duties and receive salaries above the DOL's "screening" threshold.** In *Hewitt*, Justices Kavanaugh and Alito expressed serious concerns that the salary basis regulations "may be inconsistent with the [FLSA]," since "the Act focuses on whether the employee performs [White-Collar] duties, not how much an employee is paid or how an employee is paid." *Hewitt*, 143 S. Ct. at 695 (Kavanaugh, J., dissenting). So did Judges Jones, Wiener, Dennis, Elrod, Owen, and Southwick. *Hewitt*, 15 F.4th at 315–16 (Jones, J., dissenting) ("[T]he validity of the salary test turns on its effectiveness as a filter for duties" and "every salary test does not necessarily pass statutory muster"); *id.* at 323 (Wiener, J., dissenting) (opining that "the original proponents of the FLSA…are turning over in their respective graves" due to the

---

[2] *Litz v. Saint Consulting Grp., Inc.*, 772 F.3d 1 (1st Cir. 2014); *Anani v. CVS RX Services, Inc.*, 730 F.3d 146 (2d Cir. 2013).

salary basis test "undermin[ing] how the FLSA is supposed to operate").

The salary basis test has "implications beyond the [Plaintiffs] in this case, potentially questioning the exempt statuses of other [White-Collar] … employees commonly found in industries like oil and gas." *Hewitt*, 15 F.4th at 317 n.25 (Jones, J., dissenting); Brief for Tex. Oil & Gas Ass'n et al., *Amici Curiae* on Petition for Writ of Certiorari in *Hewitt*, at 5, 23 (U.S. Feb. 9, 2022), 2022 WL 445887 (discussing "flood of targeted plaintiff lawsuits" threatening to "upend[]" oil and gas industry based on "interpretations of the word 'salary'"); Brief for Indep. Petrol. Ass'n of America et al., *Amici Curiae* in *Hewitt*, at 18–19 (U.S. July 13, 2022), 2022 WL 2824419 ("salary basis" test would "force[] an entire industry (and potentially other industries as well) to adopt less efficient compensation plans and practices" for employees who meet the "plain meaning of 29 U.S.C. § 213").

This Court *en banc* should address this important question about the scope of the DOL's authority. *See Cargill v. Garland*, 57 F.4th 447, 457 (5th Cir. 2023) (*en banc*) (rehearing to decide whether regulation is "the best reading of the relevant statute"); *W. Coal Traffic League v. United States*, 719 F.2d 772, 775 (5th Cir. 1983) (*en banc*) (rehearing to decide whether agency had authority to consider certain factors in administering statute).

# TABLE OF CONTENTS

GROUNDS FOR *EN BANC* REHEARING ............................................................iv

ISSUES MERITING *EN BANC* CONSIDERATION..............................................1

STATEMENT OF PROCEEDINGS ........................................................................2

STATEMENT OF FACTS ......................................................................................4

ARGUMENT ........................................................................................................5

    I.      THE PANEL OPINION DIRECTLY CONFLICTS WITH THE
            SUPREME COURT AND *EN BANC* OPINIONS IN *HEWITT*. .........5

          A.     Under Binding Precedent, 541.604(b) Does Not Apply
                Since HR-IT Paid Plaintiffs a Guaranteed Weekly Salary. ........5

          B.     *En Banc* Consideration Is Warranted to Resolve the
                Conflict Between Binding Precedent and the Panel Opinion .....7

    II.     THE SCOPE OF THE DOL'S AUTHORITY TO DEFINE AND
            DELIMIT THE WHITE-COLLAR EXEMPTIONS IS AN ISSUE
            OF EXCEPTIONAL IMPORTANCE .................................................9

          A.     The Scope of the DOL's Authority is an Issue of Exceptional
                Importance That Warrants The *En Banc* Court's Attention.......10

          B.     The Current Salary Basis Regulations Are Invalid. ...................12

CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AG Acceptance Corp. v. Veigel*,
  564 F.3d 695 (5th Cir. 2009) ............................................................10

*Anani v. CVS RX Services, Inc.*,
  730 F.3d 146 (2d Cir. 2013) .....................................................vi, 8, 9

*Cargill v. Garland*,
  57 F.4th 447 (5th Cir. 2023) (*en banc*) ...................................... vii, 11

*Collins v. Mnuchin*,
  938 F.3d 553 (5th Cir. 2019) (*en banc*), *aff'd in part, rev'd in part*
  *sub nom. Collins v. Yellen*, 141 S. Ct. 1761 (2021)............................11

*Ekhlassi v. Nat'l Lloyds Ins. Co.*,
  926 F.3d 130 (5th Cir. 2019) .......................................................9, 10

*Encino Motorcars, LLC v. Navarro*,
  579 U.S. 211 (2016)..........................................................................13

*Gulf Fishermens Ass'n v. Nat'l Marine Fisheries Serv.*,
  968 F.3d 454 (5th Cir. 2020), *as revised* (Aug. 4, 2020) ...................12

*Hebert v. FMC Techs., Inc.*,
  No. 22-20562, 2023 WL 4105427 (5th Cir. June 21, 2023) ...................v, 6, 7, 8

*Helix Energy Sols. Grp., Inc. v. Hewitt*,
  143 S. Ct. 677 (2023)................................................................*passim*

*Hewitt v. Helix Energy Sols. Grp., Inc.*,
  15 F.4th 289 (5th Cir. 2021) (*en banc*), *aff'd,* 143 S. Ct. 677....................*passim*

*Keating v. Flowco Prod. Sols., LLC*,
  No. MO:20-CV-00122-DC, 2023 WL 1096453 (W.D. Tex. Jan.
  14, 2023) ............................................................................................8

*Litz v. Saint Consulting Grp., Inc.*,
  772 F.3d 1 (1st Cir. 2014).........................................................vi, 8, 9

*Maislin Indus., U.S., Inc. v. Primary Steel, Inc.*,
497 U.S. 116 (1990)................................................................................11

*Nevada v. United States Dep't of Lab.*,
275 F. Supp. 3d 795 (E.D. Tex. 2017)..........................................12, 13

*New York v. FERC*,
535 U.S. 1 (2002)....................................................................................11

*Trottier v. FieldCore Servs. Sols., LLC*,
No. 2:20-CV-186-Z-BR, 2022 WL 658765 (N.D. Tex. Mar. 4,
2022) ..........................................................................................................8

*United States v. Brown*,
161 F.3d 256 (5th Cir. 1998) (*en banc*)...........................................v, 8

*United States v. Longoria*,
298 F.3d 367 (5th Cir. 2002) (*en banc*)...........................................v, 8

*Venable v. Schlumberger Ltd.*,
No. 6:16-CV-00241, 2022 WL 895447 (W.D. La. Mar. 25, 2022),
*appeal filed*, No. 22-30227 (5th Cir. Apr. 22, 2022)..........................8

*W. Coal Traffic League v. United States*,
719 F.2d 772 (5th Cir. 1983) (*en banc*).....................................vii, 11

*Willis v. Koning Assocs.*,
No. 21-CV-00819-BLF, 2023 WL 3569998 (N.D. Cal. May 19,
2023) ..........................................................................................................8

*In re Woerner*,
783 F.3d 266 (5th Cir. 2015) (*en banc*)...........................................9

**Statutes**

29 U.S.C. § 213 ...............................................................................iv, vii

**Rules**

Fᴇᴅ. R. Aᴘᴘ. P. 35(b)(2) ..............................................................9

**Other Authorities**

29 C.F.R. § 541.101 ......................................................................13

29 C.F.R. § 541.303 ..................................................................13

29 C.F.R. § 541.304 ..................................................................13

29 C.F.R. § 541.600 ....................................................................5

29 C.F.R. § 541.601 ................................................................... iv

29 C.F.R. § 541.602 ...........................................................*passim*

29 C.F.R. § 541.604 ...........................................................*passim*

29 C.F.R. § 541.709 ..................................................................13

29 C.F.R. § 541.710 ..................................................................13

84 Fed. Reg. 51230 (Sept. 27, 2019) ...........................................5, 12, 13

## ISSUES MERITING *EN BANC* CONSIDERATION

1.     Under the Supreme Court's and this *en banc* Court's *Hewitt* decisions, does the DOL's reasonable relationship test in 29 C.F.R. § 541.604(b) apply to "hybrid" pay schemes involving a guaranteed weekly salary above the DOL's threshold plus additional compensation on an hourly basis?

2.     Did the DOL exceed its authority to "define[] and delimit[]" the FLSA's White-Collar exemptions by promulgating salary basis regulations that exclude from exempt status employees who undisputedly perform White-Collar duties and receive a weekly salary over the DOL's "screening" threshold?

## STATEMENT OF PROCEEDINGS

Plaintiff-Appellee Terry Gentry filed this FLSA lawsuit to recover allegedly unpaid overtime wages, and Plaintiff-Appellee Marc Taylor subsequently opted-in to the case. (ROA. 13–25, 204–07). HR-IT contends that Plaintiffs qualified for the White-Collar exemptions and are not owed overtime pay. (ROA.154, 167). The parties filed competing motions for summary judgment regarding Plaintiffs' exempt status, among other issues. (ROA.278–704, 715–1056). After this Court's *en banc Hewitt* opinion was issued, the parties filed supplemental briefing regarding its impact on this case. (ROA.1243–54). The Magistrate Judge held a hearing on the motions in February 2022. (ROA.1557–92). During that hearing, Plaintiffs confirmed that the salary level and duties tests for the White-Collar exemptions were "not at issue," and only the salary basis test was in dispute. (ROA.1559:21–1560:8).

On March 4, 2022, the Magistrate Judge issued a Memorandum and Recommendation ("M&R"), recommending summary judgment to Plaintiffs on HR-IT's White-Collar exemption defenses. (ROA.1258–74). Although the M&R found that "Gentry was entitled to [a] guaranteed weekly salary" and Plaintiffs' "compensation is composed of a salary plus additional compensation," (ROA.1260, 1263), it opined that this weekly "salary plus additional compensation" arrangement was subject to 541.604(b), which Plaintiffs' pay did

not meet. (ROA.1263, 1267–68). HR-IT timely filed Objections, explaining why the M&R was incorrect to apply 541.604(b). (ROA.1276–1327). The District Judge summarily overruled HR-IT's Objections and adopted the M&R. (ROA.1328–30).

HR-IT timely appealed. (ROA.1331–32). Shortly thereafter, the Supreme Court granted certiorari in *Hewitt*, and this appeal was stayed pending that decision. After the Supreme Court decided *Hewitt*, the parties submitted their briefing. On July 24, 2023, the Panel issued a three-page Opinion summarily affirming the district court.

## STATEMENT OF FACTS

Gentry was employed with HR-IT as a Senior Control Systems Engineer from 2015-2019. (ROA.315, 382). At all relevant times, Gentry was classified as exempt and paid a weekly salary of $984. (ROA.315, 375, 390–473, 478). Gentry also received additional compensation at a rate of $123.00/hour for any workweek he worked more than eight hours. (ROA.315, 390–473). HR-IT paid Gentry "way over" $100,000 each year. (ROA.340–41, 481–86).

Taylor has been employed by HR-IT as a Lead Electrical Engineer since 2017. (ROA.315, 488). HR-IT classified Taylor as exempt and pays him a guaranteed weekly salary of $1,200.00, plus additional compensation of $150.00/hour for any workweek he worked more than eight hours. (ROA.315, 362, 362, 375, 488–90). With one exception that HR-IT corrected, Taylor was paid his guaranteed weekly salary every week he performed any work, including several workweeks he worked less than eight hours. (ROA.316, 362, 491–672, 676, 680–87, 689–96). Each year Taylor earned over $200,000. (ROA.363, 698–704).

**ARGUMENT**

## I. THE PANEL OPINION DIRECTLY CONFLICTS WITH THE SUPREME COURT AND *EN BANC* OPINIONS IN *HEWITT*.

### A. UNDER BINDING PRECEDENT, 541.604(B) DOES NOT APPLY SINCE HR-IT PAID PLAINTIFFS A GUARANTEED WEEKLY SALARY.

The Supreme Court's directive in *Hewitt* is unambiguous: "a pay scheme meeting § 602(a) and the HCE rule's other requirements does not also have to meet § 604(b) to make a worker exempt." *Hewitt*, 143 S. Ct. at 685 n.3; *see also id.* at 685 ("§ 602(a) and § 604(b) are independent routes for satisfying the HCE rule's salary-basis component."). Plaintiffs undisputedly met "the HCE rule's other requirements": they received total annual compensation over $107,432[3] and performed White-Collar job duties. (ROA.1559:21–1560:8). And, Plaintiffs' "pay scheme"—weekly guaranteed salaries of $984 and $1,200 plus additional hourly pay—met the plain language of 541.602(a):

> An employee will be considered to be paid on a "salary basis" within the meaning of this part if the employee **regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting <u>all or part of</u> the employee's compensation**, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602(a) (emphasis added).[4] The Supreme Court in *Hewitt*

---

[3] This threshold was $100,000 prior to 2020. DOL, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 84 Fed. Reg. 51230, 51231 (Sept. 27, 2019) ("DOL's 2019 Rule").
[4] The weekly salary threshold is currently $684. 29 C.F.R. § 541.600.

5

unequivocally confirmed that "§ 602(a)'s 'all or part' reference … makes clear that a worker can be paid on a salary basis **even if he additionally gets non-salary compensation**…" *Hewitt*, 143 S. Ct. at 688 n.5 (emphasis added). Similarly, this *en banc* Court explained "the situations in which [courts] ignore §541.604(b) are situations in which ... plaintiffs ... were undisputedly guaranteed *weekly* base salaries—unlike day rate workers like Hewitt." *Hewitt*, 15 F.4th at 292 n.2 (quotations omitted).

Plaintiffs were paid weekly salaries of $984/$1,200 every week they performed any work, regardless of hours/days/shifts worked. Indeed, the district court <u>agreed</u> that Plaintiffs were paid a "guaranteed weekly salary." (ROA.1260, 1263). This predetermined, guaranteed amount paid on a weekly basis, constituting "part of" Plaintiffs' compensation, fits precisely within 541.602(a)'s definition. As such, under *Hewitt*, HR-IT "does not also have to meet § 604(b)." *Hewitt*, 143 S. Ct. at 685 n.3; *Hewitt*, 15 F.4th at 292 n.2.

Another panel of this Court recently reaffirmed that 541.602(a) is satisfied—and 541.604(b) does not apply—where, as here, employees receive a hybrid pay structure consisting of a guaranteed salary over $684 plus additional time-based pay. *Hebert*, 2023 WL 4105427. There, plaintiffs received a biweekly salary that did not change based on their days or hours worked, plus a "field service premium" calculated on a day-rate basis. *Id.* at **1, n.5. The panel found that because

6

plaintiff's salary was paid "without regard to the number of hours or days he worked," he "plainly satisfie[d] the definition of 'salary basis' in § 541.602(a)." *Id.* at *2. As to the day-rate premium, the panel explained: "<u>Hebert does not lose his status as an employee paid on a salary basis just because he is also paid a bonus on top of the salary that the record has established was guaranteed to him.</u>" *Id.* (emphasis added). Because Hebert's salary satisfied 541.602(a), the court found "Section 604(b) is inapplicable." *Id.* at *2, n.5.

B.    *EN BANC* CONSIDERATION IS WARRANTED TO RESOLVE THE CONFLICT BETWEEN BINDING PRECEDENT AND THE PANEL OPINION

In direct conflict with the Supreme Court's and this *en banc* Court's *Hewitt* precedent, the Panel affirmed the district court's decision to apply 541.604(b)'s reasonable relationship test to HR-IT's pay scheme. The Opinion provides no supporting analysis, instead merely agreeing with the M&R that "HR-IT cannot satisfy its burden to demonstrate that Gentry and Taylor fall into the exemptions." But the M&R <u>predated</u> the Supreme Court's *Hewitt* decision. The Opinion does not <u>mention</u> this decision, much less explain how applying 541.604(b) here squares with *Hewitt*'s holding that 541.604(b) does not apply where, as here, 541.602(a) is met via a guaranteed weekly salary over $684—<u>which the M&R agreed Plaintiffs received</u>. *Hewitt*, 143 S. Ct. at 685, 688, nn. 3, 5; (ROA.1260, 1263). The Panel's affirmance is also irreconcilable with this *en banc* Court's explanation that courts "ignore § 541.604(b)" where, as here, Plaintiffs "were undisputedly guaranteed

*weekly* base salaries." *Hewitt*, 15 F.4th at 292 n.2. The Opinion's conflict with binding Supreme Court and Fifth Circuit precedent merits *en banc* review. *E.g.*, *Brown*, 161 F.3d at 258.

The Opinion's affirmance of the district court's holding that 541.604(b) applies is also entirely inconsistent with (1) *Hebert*'s holding that "Section 604(b) is inapplicable" to hybrid pay structures like HR-IT's; and (2) numerous district court opinions similarly holding that 541.604(b) does not apply to such hybrid pay structures.[5] This inconsistent application of 541.604(b), even post-*Hewitt*, further justifies *en banc* rehearing. *Longoria*, 298 F.3d at 369 (*en banc* rehearing to address court "decisions [that] have espoused differing views" about recent Supreme Court opinion). Notably, the plaintiff in *Hebert* has also petitioned for *en banc* rehearing citing the Opinion for support,[6] further showing this issue deserves *en banc* review.

Finally, the Opinion generates the very "conflict" with *Litz* and *Anani* that this Court stated it was <u>not</u> creating in *Hewitt*. The First Circuit held that 541.604(b) did not apply to a "guaranteed … minimum weekly salary of $1,000 whether [plaintiffs]

---

[5] *E.g.*, *Willis v. Koning Assocs.*, No. 21-CV-00819-BLF, 2023 WL 3569998, at *4 (N.D. Cal. May 19, 2023) (604(b) did not apply to salary plus hourly pay); *Keating v. Flowco Prod. Sols., LLC*, No. MO:20-CV-00122-DC, 2023 WL 1096453, at *1 (W.D. Tex. Jan. 14, 2023) (604(b) did not apply to "set salary plus … shift bonuses," which varied based on hours and shifts worked); *Venable v. Schlumberger Ltd.*, No. 6:16-CV-00241, 2022 WL 895447, at **5–6 (W.D. La. Mar. 25, 2022), *appeal filed*, No. 22-30227 (5th Cir. Apr. 22, 2022) (604(b) did not apply to salary plus day rate); *Trottier v. FieldCore Servs. Sols., LLC*, No. 2:20-CV-186-Z-BR, 2022 WL 658765, at **1–2 (N.D. Tex. Mar. 4, 2022) (604(b) did not apply to salary plus hourly pay).
[6] Pet. for Rehearing *En Banc*, *Hebert*, No. 22-20562 (5th Cir. July 20, 2023); Rule 28(j) Letter, *Hebert*, No. 22-20562 (5th Cir. July 31, 2023).

bill any hours or not," plus earnings that "equaled the number of hours they billed to clients multiplied by an hourly rate between $40 and $60," such that it only took about 16–25 hours to hit the $1,000 stipend and plaintiffs' total weekly pay ranged from 2.5 to 4 times the stipend. *Litz*, 772 F.3d at 2, 5. Similarly, the Second Circuit refused to apply 541.604(b) to a weekly guaranteed base salary plus "an hourly 'Compensation Rate'" for "additional hours worked," which "usually ranged from 16 to 36 hours per week." *Anani*, 730 F.3d at 147, 149. The Opinion conflicts with *Litz* and *Anani* by affirming the district court's decision to apply 541.604(b) to the <u>same type of pay structure</u>—guaranteed weekly base salary plus hourly pay—further warranting *en banc* review. FED. R. APP. P. 35(b)(2) (*en banc* rehearing appropriate if "panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue"); *In re Woerner*, 783 F.3d 266, 268 (5th Cir. 2015) (*en banc*) (rehearing to examine panel decision that "diverges from the decisions of other circuits, and has sown confusion in our circuit").

## II. THE SCOPE OF THE DOL'S AUTHORITY TO DEFINE AND DELIMIT THE WHITE-COLLAR EXEMPTIONS IS AN ISSUE OF EXCEPTIONAL IMPORTANCE

In its Opening Brief, HR-IT raised the issue of the validity of the DOL's salary basis regulation. (HR-IT's Br. at 2–3, 37–48). While HR-IT did not raise this issue to the district court, HR-IT explained why this Court should apply the "well-settled discretionary exception to the waiver rule … where a disputed issue

9

concerns a pure question of law." *Ekhlassi v. Nat'l Lloyds Ins. Co.*, 926 F.3d 130, 138 (5th Cir. 2019). Yet, the Panel did not address this issue at all in the Opinion.

There is no prejudice in addressing this issue since all parties were "provided an adequate opportunity to brief" it. *Ekhlassi*, 926 F.3d at 138–39. And, disregarding the issue would result in a miscarriage of justice, since (1) Plaintiffs would be unjustly deemed non-exempt due solely to how they were paid; (2) the "flood of targeted plaintiffs lawsuits" threatening whole industries based on the DOL's salary test will surely continue, and likely intensify;[7] and (3) employers who provide employees with pay in addition to a salary that exceeds the DOL's "screening" threshold would be <u>inexplicably punished</u>—here, to the tune of $95,559 in damages plus up to $197,354.33 in fees and costs. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009) (miscarriage of justice where "failure to reach the issue would result in significant actual harm … liability for approximately $206,544.52 in unjustified attorney's fees"). Respectfully, the *en banc* Court should consider this issue of exceptional importance that—as several Supreme Court Justices and Judges of this Court have recently expressed—is in critical need of resolution.

A.     THE SCOPE OF THE DOL'S AUTHORITY IS AN ISSUE OF EXCEPTIONAL IMPORTANCE THAT WARRANTS THE *EN BANC* COURT'S ATTENTION.

An administrative agency's authority involves "[o]ur Constitution's most

---

[7] Tex. Oil & Gas Ass'n Br., 2022 WL 445887.

essential attribute, the separation of powers," which mandates that "[a]n agency is restrained by the four corners of its enabling statute and 'literally has no power to act ... unless and until Congress confers power upon it.'" *Collins v. Mnuchin*, 938 F.3d 553, 562 (5th Cir. 2019) (Willett, J.) (*en banc*), *aff'd in part, rev'd in part sub nom. Collins v. Yellen*, 141 S. Ct. 1761 (2021) (quoting *New York v. FERC*, 535 U.S. 1, 18 (2002)); *see also Maislin Indus., U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 125 (1990) (whether agency's "policy is consistent with the Act" under which it claims authority is an "important issue"). Thus, this Court frequently grants *en banc* rehearing to address questions about agency authority. *E.g.*, *Collins*, 938 F.3d 553; *Cargill*, 57 F.4th at 457; *W. Coal Traffic League*, 719 F.2d at 775.

Several Supreme Court Justices and Judges of this Court have raised concerns regarding the DOL's salary basis regulations causing the White-Collar exemptions to turn on pay rather than job duties. *Hewitt*, 143 S. Ct. at 695 (Kavanaugh, J., dissenting); *Hewitt*, 15 F.4th at 315–16 (Jones, J., dissenting); *id.* at 323 (Wiener, J., dissenting). Justice Kavanaugh even <u>called upon the lower courts to address this issue</u>: "the statutory question remains open for future resolution in the lower courts and perhaps ultimately in this Court." *Hewitt* 143 S. Ct. at 695.

Moreover, this issue has "implications beyond the [Plaintiffs] in this case, potentially questioning the exempt statuses of other executive, administrative, and

professional … employees commonly found in industries like oil and gas." *Hewitt*, 15 F.4th at 317 n.25 (Jones, J., dissenting); *see also* Tex. Oil & Gas Ass'n Br. at 5, 23, 2022 WL 445887; Indep. Petrol. Ass'n of America Br. at 18–19, 2022 WL 2824419 (each discussing the "salary basis" regulations' industry-wide impacts).

Thus, the *en banc* Court should address this issue of "essential" importance: whether the DOL exceeded its authority in promulgating the current salary basis regulations.

### B.  THE CURRENT SALARY BASIS REGULATIONS ARE INVALID.

The FLSA's "text, structure, history, and purpose"[8] confirm that the White-Collar exemptions were intended to turn on job duties, <u>not</u> pay. *Nevada v. United States Dep't of Lab.*, 275 F. Supp. 3d 795, 804–05 (E.D. Tex. 2017); *see also Hewitt*, 15 F.4th at 314–16 (Jones, J., dissenting) (approving of *Nevada*'s analysis). The DOL's **<u>own</u>** statements confirm this: "the statutory text … grounds an analysis of exemption status in the 'capacity' in which someone is employed—i.e., ***that employee's duties***." DOL's 2019 Rule, 84 Fed. Reg. at 51281; *see also id.* at 51237 ("Salary is a helpful indicator of the capacity in which an employee is employed, especially among lower-paid employees," "[b]ut it is not 'capacity' in and of itself").

Thus, while earning a certain level of salary can help "*identify*[] categories

---

[8] *Gulf Fishermens Ass'n v. Nat'l Marine Fisheries Serv.*, 968 F.3d 454, 460 (5th Cir. 2020), *as revised* (Aug. 4, 2020) (discussing standard for review of agency action).

of employees Congress intended to be exempt," it cannot "essentially make an employee's duties, functions, or tasks irrelevant." *Nevada*, 275 F. Supp. 3d at 806–07; *Hewitt*, 15 F.4th at 315 (Jones, J., dissenting) ("the validity of the salary test turns on its effectiveness as a filter for duties"). Indeed, DOL's own stated purpose for "the salary tests" is to "prevent[] the misclassification by employers of obviously nonexempt employees, thus tending to reduce litigation" and "simplif[ying] enforcement by providing a ready method of screening out the obviously nonexempt employees." DOL's 2019 Rule, 84 Fed. Reg. at 51237.

But the current salary basis regulations, and in particular 541.604(b)'s reasonable relationship test (as interpreted by the district court), exclude employees who undisputedly perform White-Collar job duties and receive salaries over the DOL's "screening" threshold. This conflicts with the FLSA, which "focuses on whether the employee performs [White-Collar] duties, not how much an employee is paid or how an employee is paid." *Hewitt*, 143 S. Ct. at 695 (Kavanaugh, J., dissenting). It is also arbitrary, since the DOL inexplicably <u>excludes</u> salary basis requirements for certain White-Collar employees, but not others. 29 C.F.R. §§ 541.101, 303, 304, 709, 710; *see Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 222 (2016) ("[u]nexplained inconsistency in agency policy is a reason for holding an interpretation to be … arbitrary and capricious").

Here, if Plaintiffs <u>only</u> received their $984/$1,200 weekly salaries, they

would be exempt. Yet, under DOL's current salary basis regulations (as interpreted by the district court), Plaintiffs are non-exempt <u>solely</u> because they received hourly pay in addition to their weekly salaries. If anything, payments above the salary indicate employees are <u>more</u> likely in a bona fide White-Collar role. This absurd and unreasonable interpretation of Congress's intent to exclude White-Collar employees from the FLSA deserves *en banc* review.

## <u>CONCLUSION</u>

HR-IT respectfully requests that the Opinion be vacated and that this appeal be reheard *en banc*.

**Dated:  August 7, 2023**                      Respectfully submitted,

By:   */s/ Ashlee Cassman Grant*

**Ashlee Cassman Grant**
Texas Bar No. 24082791
Federal ID No. 1607786
**Paul M. Knettel**
Texas Bar No. 24102031
Federal ID No. 3005240
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas  77002
Telephone:  (713) 751-1600
Facsimile:  (713) 751-1717
agrant@bakerlaw.com
pknettel@bakerlaw.com

ATTORNEYS FOR DEFENDANT –
APPELLANT  HAMILTON-RYKER
IT SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

I certify that on August 7, 2023, a copy of the foregoing Petition was filed electronically. Notice of this filing will be sent by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system.

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

## CERTIFICATE OF COMPLIANCE

I certify that this Petition complies with the type-volume limit of FED. R. APP. P. 35(b)(2)(A) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) but including the statement of Grounds for *En Banc* Rehearing, this petition contains 3,893 words, as determined by the word count function of Microsoft Word. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman typeface.

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

Counsel for Defendant-Appellant
Hamilton-Ryker IT Solutions, LLC

Dated: August 7, 2023

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2023

Lyle W. Cayce
Clerk

No. 22-40219
Summary Calendar

TERRY GENTRY, *on behalf of himself and all others similarly situated*,

*Plaintiff—Appellee,*

*versus*

HAMILTON-RYKER IT SOLUTIONS, L.L.C.,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-320

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges.*

PER CURIAM:[*]

Terry Gentry sued Hamilton-Ryker IT Solutions, L.L.C. ("HR-IT") individually and on behalf of all others similarly situated, alleging that HR-IT failed to pay him overtime in accordance with the Fair Labor Standards Act. The magistrate judge issued a thorough and detailed report and recommendation urging the district court grant in part and deny in part the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40219

Parties' cross-motions for summary judgment. Over objections, the district court adopted the R&R. HR-IT appeals. We AFFIRM.

As described in greater depth in the magistrate judge's report and recommendation, Gentry worked for HR-IT as a Senior Control Systems Engineer from June 1, 2015, to March 13, 2019. Plaintiff Marc Taylor joined the suit after the parties agreed to conditionally certify as a collective action. Taylor began his employment on August 28, 2017 as a Lead Electrical Engineer.

The FLSA establishes a 40-hour workweek, requiring employers to pay "time and a half" for any additional time worked beyond the standard workweek.[1] The Secretary of Labor has promulgated regulations exempting certain categories of professionals.[2] As our Court recently explained, to fall within one of the exemptions, three conditions must be met:

> First, the employee must meet certain criteria concerning the performance of executive, administrative, and professional duties. Second, the employee must meet certain minimum income thresholds. Finally, the employee must be paid on a "salary basis." And although the duties criteria and income thresholds vary from exemption to exemption, the regulations apply the same salary-basis requirement to all four exemptions.[3]

The parties agree that only the "salary-basis" test is at issue.

As the R&R ably and thoroughly analyzes, HR-IT cannot satisfy its burden to demonstrate that Gentry and Taylor fall into the exemptions. The R&R relies on record evidence that HR-IT failed to demonstrate a good-faith attempt to apply the FLSA, including failing to consult with an attorney

---

[1] *See* 29 U.S.C. § 207(a).

[2] *See* 29 C.F.R. §§ 541.100, 541.200, 541.300, 541.601.

[3] *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289, 290–91 (5th Cir. 2021) (en banc).

regarding compliance, and recommended liquidated damages. Finally, the R&R concluded that Gentry and Taylor failed to show that the violation was willful and recommended that Gentry should be awarded $28,659 and Taylor $66,900.

The district court conducted a de novo review, overruling HR-IT's objections "[t]o the extent [they] refer to new evidence and arguments not previously submitted" as "not properly before the court," and adopted the R&R as its opinion.

We find no reversible error of law or fact and affirm essentially for the reasons stated in the magistrate judge's thorough and exhaustive report, adopted by the district court as its opinion. The judgment of the district court is AFFIRMED.