**CASE NO. 22-40219**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**TERRY GENTRY**, Individually and, on behalf of All Others Similarly Situated,

Plaintiff – Appellee,

v.

**HAMILTON-RYKER IT SOLUTIONS, LLC**

Defendant – Appellant.

---

On Appeal from the United States District Court
for the Southern District of Texas
Civil Case No. 3:19-cv-00320

---

## DEFENDANT – APPELLANT HAMILTON-RYKER IT SOLUTIONS, LLC'S PETITION FOR PANEL REHEARING

---

**Ashlee Cassman Grant**
Texas Bar No. 24082791
Federal ID No. 1607786
**Paul M. Knettel**
Texas Bar No. 24102031
Federal ID No. 3005240
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas  77002
Telephone:  (713) 751-1600
Facsimile:  (713) 751-1717
agrant@bakerlaw.com
pknettel@bakerlaw.com


ATTORNEYS FOR DEFENDANT – APPELLANT

**CASE NO. 22-40219**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**TERRY GENTRY**, Individually and, on behalf of All Others Similarly Situated,

Plaintiff – Appellee,

v.

## HAMILTON-RYKER IT SOLUTIONS, LLC

Defendant – Appellant.

---

On Appeal from the United States District Court
for the Southern District of Texas
Civil Case No. 3:19-cv-00320

---

## CERTIFICATE OF INTERESTED PERSONS

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

**Plaintiff – Appellee**
The Estate of Terry Gentry

**Opt-in Plaintiff**
Marc Taylor

**Counsel for Plaintiff – Appellee**

Shellist Lazarz Slobin, LLP, and Wage and Hour Firm:
1. Ricardo J. Prieto
2. Melinda Arbuckle

Bruckner Burch PLLC:
1. Richard J. (Rex) Burch

**Defendant – Appellant**

Hamilton-Ryker IT Solutions, LLC

**Counsel for Defendant – Appellant**

Baker & Hostetler LLP:
1. Ashlee Cassman Grant
2. Paul M. Knettel

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

Attorney of Record for Defendant – Appellant
Hamilton-Ryker IT Solutions, LLC

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

TABLE OF CONTENTS .......................................................................................... iv

TABLE OF AUTHORITIES .................................................................................... v

SUMMARY OF GROUNDS FOR PANEL REHEARING ..................................... 1

ARGUMENT ........................................................................................................... 4

    I.      THE PANEL OPINION ERRONEOUSLY FAILED TO CITE TO OR APPLY THE SUPREME COURT'S RECENT ANALYSIS IN *HEWITT* GOVERNING WHEN 541.604(B)'S REASONABLE RELATIONSHIP TEST APPLIES. .......... 4

    II.    THE PANEL'S OPINION CREATES CONFUSION AS IT CONFLICTS WITH OTHER FIFTH CIRCUIT DECISIONS AND THE FIRST AND SECOND CIRCUITS. ............................................................................................... 6

        A.    The Panel Erroneously Refused to Apply the Reasoning in *Hebert* Without Explanation. ..................................................... 7

        B.    The Panel Opinion Generates the Very "conflict" with *Litz* and *Anani* that this Court Stated It Was Not Creating in *Hewitt*. ......................................................................................... 8

    III.   THE PANEL OVERLOOKED HR-IT'S ARGUMENT THAT THE SALARY BASIS REGULATIONS SHOULD BE INVALIDATED AS CONTRARY TO THE FLSA'S TEXT REGARDING THE WHITE-COLLAR EXEMPTIONS. .... 10

CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Anani v. CVS RX Services, Inc.*,
   730 F.3d 146 (2d Cir. 2013) ........................................................ 3, 6, 9

*Boudreaux v. Schlumberger Tech. Corp.*,
   No. 6:14-CV-02267, 2022 WL 992670 (W.D. La. Mar. 30, 2022) .....................9

*Collins v. Mnuchin*,
   938 F.3d 553 (5th Cir. 2019) (*en banc*) ...........................................4, 10

*Ekhlassi v. Nat'l Lloyds Ins. Co.*,
   926 F.3d 130 (5th Cir. 2019) ..........................................................3, 10

*Gulf Fishermens Ass'n v. Nat'l Marine Fisheries Serv.*,
   968 F.3d 454 (5th Cir. 2020), *as revised* (Aug. 4, 2020). ...................................12

*Hebert v. FMC Techs., Inc.*,
   No. 22- 20562, 2023 WL 4105427 (5th Cir. June 21, 2023) ............................2, 7

*Helix Energy Sols. Grp., Inc. v. Hewitt*,
   143 S. Ct. 677 (2023) .................................................................... *passim*

*Hewitt v. Helix Energy Sols. Grp., Inc.*,
   15 F.4th 289 (5th Cir. 2021) (*en banc*) ........................................ *passim*

*Hughes v. Gulf Interstate Field Servs., Inc.*,
   878 F.3d 183 (6th Cir. 2017) ............................................................10

*In re Woerner*,
   783 F.3d 266 (5th Cir. 2015) (*en banc*) ...........................................3, 8

*Keating v. Flowco Prod. Sols., LLC*,
   No. MO:20-CV-00122-DC, 2023 WL 1096453 (W.D. Tex. Jan. 14, 2023) ........9

*Litz v. Saint Consulting Grp., Inc.*,
   772 F.3d 1 (1st Cir. 2014) ......................................................... 3, 6, 9

*Nevada v. United States Dep't of Lab.*,
   275 F. Supp. 3d 795 (E.D. Tex. 2017) ...............................................12

*Newman v. Plains All Am. Pipeline, L.P.,*
  44 F.4th 251 (5th Cir. 2022) ..................................................8

*Orellana-Monson v. Holder,*
  685 F.3d 511 (5th Cir. 2012) ................................................8

*Trottier v. FieldCore Servs. Sols., LLC,*
  No. 2:20-CV-186-Z-BR, 2022 WL 658765 (N.D. Tex. Mar. 4, 2022)................9

*United States v. Longoria,*
  298 F.3d 367 (5th Cir. 2002) (*en banc*)..............................6

*United States v. Randle,*
  304 F.3d 373 (5th Cir. 2002) ................................................6

*United States v. Silex,*
  907 F.2d 488 (5th Cir. 1990) ................................................6

*Venable v. Schlumberger Ltd.,*
  No. 6:16-CV-00241, 2022 WL 895447 (W.D. La. Mar. 25, 2022) ....................9

*Willis v. Koning Assocs.,*
  No. 21-CV-00819-BLF, 2023 WL 3569998 (N.D. Cal. May 19, 2023)...............9

**Statutes**

29 U.S.C. § 213 ..............................................................1, 12

**Other Authorities**

Brief for Indep. Petrol. Ass'n of America et al.,
  *Amici Curiae* in *Hewitt* (U.S. July 13, 2022), 2022 WL 2824419 .....................12

Brief for Tex. Oil & Gas Ass'n et al.,
  *Amici Curiae* on Petition for Writ of Certiorari in *Hewitt* (US. Feb. 9, 2022),
  2022 WL 445887 ..............................................................11

**Rules**

5TH CIR. R. 40.1 ..............................................................1

FED. R. APP. P. 40..............................................................1

**Regulations**

29 C.F.R. § 541.601 ........................................................................1

29 C.F.R. § 541.602 ................................................................ *passim*

29 C.F.R. § 541.604 ................................................................ *passim*

84 Fed. Reg. 51230 .......................................................................12

# SUMMARY OF GROUNDS FOR PANEL REHEARING

The Panel affirmed, in a three-page Opinion[1] and without oral argument, summary judgment to Plaintiffs-Appellees on Defendant-Appellant Hamilton-Ryker IT Solutions, LLC's ("HR-IT") White-Collar exemption[2] defense in this Fair Labor Standards Act ("FLSA") overtime pay case. The district court's decision was based solely on Plaintiffs' receipt of hourly pay on top of their guaranteed weekly salaries, despite Plaintiffs undisputedly (1) performing White-Collar job duties; and (2) receiving weekly guaranteed salaries of $984 and $1,200, respectively, well above the DOL's $684 "screening" threshold for the White-Collar exemptions.

Pursuant to FED. R. APP. P. 40(a)(2), HR-IT respectfully submits the following "point[s] of law or fact that [HR-IT] believes the [Opinion] overlooked or misapprehended":

**(1) The Panel Opinion Neither Cites to Nor Applies the Supreme Court's Recent Analysis in *Hewitt*[3] Governing when 541.604(b)'s Reasonable Relationship Test Applies.** The Supreme Court instructed in *Hewitt* that (1) "a pay scheme meeting §602(a) and the HCE rule's other requirements does not also have

---

[1] In accordance with 5TH CIR. R. 40.1, a copy of the Opinion was attached with HR-IT's Petition for En Banc Rehearing that has been filed contemporaneously with this Petition.

[2] 29 U.S.C. § 213(a) (exempting "any employee employed in a bona fide executive, administrative, or professional capacity") (the "White-Collar" exemptions). Plaintiffs also undisputedly received sufficient annual compensation to qualify for the Department of Labor's ("DOL") highly-compensated employee ("HCE") exemption. 29 C.F.R. § 541.601.

[3] *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677 (2023).

to meet §604(b) to make a worker exempt" and (2) 541.602(a)'s "'all or part' reference … makes clear that a worker can be paid on a salary basis even if he additionally gets non-salary compensation…." *Hewitt*, 143 S. Ct. at 685 n.3, 688 n.5. The Opinion neither cites this decision nor addresses how applying 541.604(b) here could possibly comport with it.

**(2) The Opinion's affirmance of the district court's decision to apply 541.604(b) also conflicts with the *en banc* Fifth Circuit's *Hewitt*[4] opinion, the recent opinion of another Fifth Circuit panel, and the First and Second Circuits.** Although the Opinion cites the *en banc* Fifth Circuit's *Hewitt* decision for the DOL's general White-Collar exemption requirements, the Opinion does not address the Fifth Circuit's explanation that courts "ignore §541.604(b)" where, as here, "plaintiffs ... were undisputedly guaranteed *weekly* base salaries." *Hewitt*, 15 F.4th at 292 n.2 (quotations omitted). Consistent with *Hewitt*, another panel of this Court ruled in *Hebert v. FMC Technologies*[5] that 541.602(a) is met—and "Section 604(b) is inapplicable"—where, as here, employees received a guaranteed salary over $684 plus additional time-based pay. *Hebert*, 2023 WL 4105427 at **1–2, n.5. The First and Second Circuits have similarly held that 541.604(b) did not apply to employees

---

[4] *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289 (5th Cir. 2021) (*en banc*), *aff'd,* 143 S. Ct. 677.
[5] *Hebert v. FMC Techs., Inc.*, No. 22- 20562, 2023 WL 4105427 (5th Cir. June 21, 2023), *pet. for rehearing* en banc *filed* (5th Cir. July 20, 2023).

who received a guaranteed base salary plus additional hourly pay.[6] Respectfully, the Panel Opinion's affirmance of the district court's decision to apply 541.604(b) to Plaintiffs' similar hybrid pay structure creates confusion with these opinions, which warrants rehearing. *E.g.*, *In re Woerner*, 783 F.3d 266, 268 (5th Cir. 2015) (*en banc*) (rehearing to examine panel decision that "diverges from the decisions of other circuits, and has sown confusion in our circuit").

**(3) The Panel should rehear this case to address HR-IT's argument that the DOL's current salary basis regulations are invalid.** Two Supreme Court justices and six judges of this Court have recently questioned the validity of the DOL's current salary basis regulations since they cause the White-Collar exemptions to turn on pay rather than job duties. *Hewitt*, 143 S. Ct. at 695 (Kavanaugh, J., dissenting); *Hewitt*, 15 F.4th at 315–16 (Jones, J., dissenting); *id.* at 323 (Wiener, J., dissenting). Yet, the Opinion inexplicably did not address HR-IT's argument regarding the invalidity of these regulations at all, despite HR-IT explaining in detail why this Court should apply the "well-settled discretionary exception to the waiver rule … where a disputed issue concerns a pure question of law." *Ekhlassi v. Nat'l Lloyds Ins. Co.*, 926 F.3d 130, 138 (5th Cir. 2019). Respectfully, the Panel should rehear this case to address this issue regarding "[o]ur Constitution's most essential

---

[6] *Litz v. Saint Consulting Grp., Inc.*, 772 F.3d 1 (1st Cir. 2014); *Anani v. CVS RX Services, Inc.*, 730 F.3d 146 (2d Cir. 2013).

attribute, the separation of powers.'" *Collins v. Mnuchin*, 938 F.3d 553, 562 (5th Cir. 2019) (Willett, J.) (*en banc*), *aff'd in part, rev'd in part sub nom. Collins v. Yellen*, 141 S. Ct. 1761 (2021).

## ARGUMENT

I.  **THE PANEL OPINION ERRONEOUSLY FAILED TO CITE TO OR APPLY THE SUPREME COURT'S RECENT ANALYSIS IN *HEWITT* GOVERNING WHEN 541.604(B)'S REASONABLE RELATIONSHIP TEST APPLIES.**

The Supreme Court's directive in *Hewitt* is unambiguous: "a pay scheme meeting §602(a) and the HCE rule's other requirements does not also have to meet §604(b) to make a worker exempt." *Hewitt*, 143 S. Ct. at 685 n.3; *see also id.* at 685 ("§ 602(a) and § 604(b) are independent routes for satisfying the HCE rule's salary-basis component."). Pursuant to the plain language of 541.602(a):

> An employee will be considered to be paid on a "salary basis" within the meaning of this part if the employee **regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting <u>all or part of</u> the employee's compensation**, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602(a) (emphasis added). The Supreme Court in *Hewitt* unequivocally confirmed that "§602(a)'s 'all or part' reference … makes clear that a worker can be paid on a salary basis **<u>even if he additionally gets non-salary compensation</u>**…" *Hewitt*, 143 S. Ct. at 688 n.5 (emphasis added); *see also* 29 C.F.R. § 541.604(a) ("An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis

4

requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis.").

Here, the district court <u>agreed</u> that Plaintiffs were paid a "guaranteed weekly salary" above the minimum salary threshold. (ROA.1260, 1263). This predetermined, guaranteed amount paid to Plaintiffs on a weekly basis, constituting "part of" their compensation, fits precisely within 541.602(a)'s definition. As such, under binding Supreme Court precedent, HR-IT "does not also have to meet §604(b)." *Hewitt*, 143 S. Ct. at 685 n.3.

Nevertheless, the Opinion affirmed the district court's decision to apply 541.604(b)'s reasonable relationship test to HR-IT's pay scheme. The Opinion provides no supporting analysis, instead merely agreeing with the M&R that "HR-IT cannot satisfy its burden to demonstrate that Gentry and Taylor fall into the exemptions." But the Opinion overlooked the fact that the M&R <u>predated</u> the Supreme Court's *Hewitt* decision. The Opinion does not even <u>cite</u> *Hewitt*, much less explain how the M&R's analysis applying 541.604(b) here squares with the Supreme Court's holding that 541.604(b) does not apply where, as here, 541.602(a) is met via a guaranteed weekly salary over $684—<u>which the M&R agreed Plaintiffs received</u>. *Hewitt*, 143 S. Ct. at 685, 688, nn. 3, 5. Respectfully, the Opinion should be withdrawn and this matter reheard to address and apply the salary basis test set forth by the Supreme Court in *Hewitt. E.g.*, *United States v. Randle*, 304 F.3d 373, 374

(5th Cir. 2002) (panel rehearing to address intervening opinions by "the Supreme States Supreme Court and the Fifth Circuit sitting *en banc* [that] resolved similar … issues"); *United States v. Silex*, 907 F.2d 488 (5th Cir. 1990) (granting petition for panel rehearing because prior panel opinion that was based upon case whose "reasoning [was] rejected by the Supreme Court" in an intervening case).

## II.    THE PANEL'S OPINION CREATES CONFUSION AS IT CONFLICTS WITH OTHER FIFTH CIRCUIT DECISIONS AND THE FIRST AND SECOND CIRCUITS.

Although the Opinion cites decision for the DOL's general White-Collar exemption requirements, the Opinion does not address the Fifth Circuit's explanation that courts "ignore §541.604(b)" where, as here, "plaintiffs ... were undisputedly guaranteed *weekly* base salaries." *Hewitt*, 15 F.4th at 292 n.2 (quotations omitted). Rehearing and withdrawal of the Opinion also warranted to address the Panel Opinion's inconsistency with another panel's recent decision in *Hebert*, the First and Second Circuits' *Litz* and *Anani* decisions,[7] and numerous district court cases holding that 541.604(b) does not apply where, as here, employees receive a guaranteed weekly salary over the DOL's threshold plus hourly or daily pay. This inconsistent application of 541.604(b), even post-*Hewitt*, further justifies rehearing. *United States v. Longoria*, 298 F.3d 367, 369 (5th Cir. 2002) (*en banc*) (rehearing to address court "decisions [that] have espoused differing views" about

---

[7] *Litz*, 772 F.3d 1; *Anani*, 730 F.3d 146.

how to interpret recent Supreme Court opinion).

A.    THE PANEL ERRONEOUSLY REFUSED TO APPLY THE REASONING IN
      *HEBERT* WITHOUT EXPLANATION.

In its Reply Brief, HR-IT notified the Panel of the newly released decision
*Hebert v. FMC Technologies* wherein another panel of this Court  reaffirmed that
541.602(a) is satisfied—and 541.604(b) does not apply—where, as here, an
employee receives a hybrid pay structure consisting of a guaranteed salary over $684
plus additional time-based pay. (HR-IT Reply Br. at 2, 4-5, 10). There, plaintiffs
received a biweekly salary that did not change based on their days or hours worked,
plus a "field service premium" calculated on a day-rate basis "for days spent working
at an offshore site." *Hebert*, 2023 WL 4105427 at **1, n.5. The court found that
because plaintiff's salary was paid "without regard to the number of hours or days
he worked," he "plainly satisfie[d] the definition of 'salary basis' in § 541.602(a)."
*Id.* at *2. As to the day-rate payments, the court explained: "<u>Hebert does not lose his
status as an employee paid on a salary basis just because he is also paid a bonus on
top of the salary that the record has established was guaranteed to him.</u>" *Id.*
(emphasis added). And, because Hebert's salary satisfied 541.602(a), the court found
"Section 604(b) is inapplicable." *Id.* at *2, n.5.

Although the *Hebert* panel addressed the exact same issue presented to this
panel—whether 541.602(a) or 541.604(b) is applicable to hybrid pay schemes—the
Panel Opinion makes no effort to distinguish the facts here from those present in

*Hebert* or otherwise resolve the clear conflict between the two decisions. While this Panel "is not technically bound" by *Hebert*, "it must not refuse to apply [*Hebert*'s] reasoning and holding to similar facts without explanation." *Newman v. Plains All Am. Pipeline, L.P.,* 44 F.4th 251, 256 (5th Cir. 2022) (Jones, J., dissenting from denial of *en banc* rehearing). The Panel, therefore, errored in refusing to afford *Hebert* any persuasive authority. *Id.* ("To avoid applying unpublished decisions based on flimsy distinctions does not honor their persuasive weight, which does conflict with our rules and published decisions."); *see also Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012)("pursuant to the rules of this court, [unpublished opinions] are non-precedential but persuasive authority.").

As it stands, the current Opinion conflicts with other Fifth Circuit post-*Hewit* precedent, thereby creating confusion on how to apply *Hewitt* in hybrid compensation situations. Rehearing and withdrawal of the Opinion is the only way to avoid this unwarranted confusion and inconsistent application of *Hewitt* within the Fifth Circuit. *See In re Woerner*, 783 F.3d at 268 (rehearing to examine panel decision that "diverges from the decisions of other circuits, and has sown confusion in our circuit").

> B.   THE PANEL OPINION GENERATES THE VERY "CONFLICT" WITH *LITZ* AND *ANANI* THAT THIS COURT STATED IT WAS NOT CREATING IN *HEWITT.*

The Opinion's affirmance of the District Court's holding that 541.604(b) applies is also entirely inconsistent with the First and Second Circuit decisions in

*Anani* and *Litz*, which were <u>not</u> overturned by *Hewitt*, as well as numerous district court opinions similarly holding that 541.604(b) does not apply to such hybrid pay structures.[8] The First Circuit in *Litz* held that 541.604(b) did not apply to a "guaranteed … minimum weekly salary of $1,000 whether [plaintiffs] bill any hours or not," plus earnings that "equaled the number of hours they billed to clients multiplied by an hourly rate between $40 and $60," such that it only took about 16–25 hours to hit the $1,000 stipend and plaintiffs' total weekly pay ranged from 2.5 to 4 times the stipend. *Litz*, 772 F.3d at 2, 5. Similarly, the Second Circuit in *Anani* refused to apply 541.604(b) to a weekly guaranteed base salary plus "an hourly 'Compensation Rate'" for "additional hours worked," which "usually ranged from 16 to 36 hours per week." *Anani*, 730 F.3d at 147, 149.

Importantly, in *Hewitt* the Fifth Circuit explained that its decision to apply §604(b) to a day-rate employee created "no actual conflict" with *Litz* and *Anani* because those cases "involved plaintiffs who...were undisputedly guaranteed *weekly* base salaries above the qualifying level.'" *Id.* (quoting *Hughes v. Gulf Interstate*

---

[8] *E.g.*, *Willis v. Koning Assocs.*, No. 21-CV-00819-BLF, 2023 WL 3569998, at *4 (N.D. Cal. May 19, 2023) (604(b) did not apply to salary plus hourly pay); *Keating v. Flowco Prod. Sols., LLC*, No. MO:20-CV-00122-DC, 2023 WL 1096453, at *1 (W.D. Tex. Jan. 14, 2023) (604(b) did not apply to "set salary plus … shift bonuses," which varied based on hours and shifts worked); *Venable v. Schlumberger Ltd.*, No. 6:16-CV-00241, 2022 WL 895447, at **5–6 (W.D. La. Mar. 25, 2022), *appeal filed*, No. 22-30227 (5th Cir. Apr. 22, 2022) (604(b) did not apply to salary plus day rate); *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-CV-02267, 2022 WL 992670, at *4 (W.D. La. Mar. 30, 2022) (same); *Trottier v. FieldCore Servs. Sols., LLC*, No. 2:20-CV-186-Z-BR, 2022 WL 658765, at **1–2 (N.D. Tex. Mar. 4, 2022) (604(b) did not apply to salary plus hourly pay).

*Field Servs., Inc.*, 878 F.3d 183, 189-90(6th Cir. 2017). Yet, the Opinion inexplicably affirms the district court's decision to apply 541.604(b) to the same type of pay structure—guaranteed weekly base salary plus additional hourly pay—without any attempt to avoid the conflict with *Litz* and *Anani* that this Court in *Hewitt* went out of its way to express avoid. Rehearing and withdrawal of the Opinion is the only way to avoid creating an unwarranted an unsupported split in the Circuits post-*Hewitt*.

### III. THE PANEL OVERLOOKED HR-IT'S ARGUMENT THAT THE SALARY BASIS REGULATIONS SHOULD BE INVALIDATED AS CONTRARY TO THE FLSA'S TEXT REGARDING THE WHITE-COLLAR EXEMPTIONS.

In its Opening Brief, HR-IT raised the issue of the validity of the DOL's salary basis regulation. (HR-IT's Br. at 2–3, 37–48). While HR-IT did not raise this issue to the district court, HR-IT explained why this Court should apply the "well-settled discretionary exception to the waiver rule … where a disputed issue concerns a pure question of law." *Ekhlassi*, 926 F.3d at 138. There is no prejudice in addressing this issue since all parties were "provided an adequate opportunity to brief" it. *Id.* at 138–39. Yet, the Panel ignored this argument in its entirety and failed to provide any explanation for its failure to do address this issue at all in the Opinion.

An administrative agency's authority involves "[o]ur Constitution's most essential attribute, the separation of powers," which mandates that "[a]n agency is restrained by the four corners of its enabling statute and 'literally has no power to act ... unless and until Congress confers power upon it.'" *Collins*, 938 F.3d at 562

(quotations omitted). Several Supreme Court Justices and Judges of this Court have raised concerns regarding the DOL's salary basis regulations since they cause the White-Collar exemptions to turn on pay rather than job duties. *Hewitt*, 143 S. Ct. at 695 (Kavanaugh, J., dissenting); *Hewitt*, 15 F.4th at 315–16 (Jones, J., dissenting); *id.* at 323 (Wiener, J., dissenting). Justice Kavanaugh even <u>called upon the lower courts to address this issue</u>: "the statutory question remains open for future resolution in the lower courts and perhaps ultimately in this Court." *Hewitt* 143 S. Ct. at 695. Despite Justice Kavanaugh's explicit directive for lower courts to address the validity of the DOL's salary basis regulations, this Panel inexplicably refused to do so, despite the issue being fully briefed and presented for its review. Respectfully, this Panel should reconsider this issue of exceptional importance that—as several Supreme Court Justices and Judges of this Court have recently expressed—is in critical need of resolution.

The issue of the validity of the DOL's salary basis regulations also has "implications beyond the [Plaintiffs] in this case, potentially questioning the exempt statuses of other executive, administrative, and professional … employees commonly found in industries like oil and gas." *Hewitt*, 15 F.4th at 317 n.25 (Jones, J., dissenting); *see also id.* at 323 (Wiener, J., dissenting).[9] That is because under the

---

[9] *See also* Brief for Tex. Oil & Gas Ass'n et al., *Amici Curiae* on Petition for Writ of Certiorari in *Hewitt*, at 5, 23 (US. Feb. 9, 2022), 2022 WL 445887 (discussing "flood of targeted plaintiff lawsuits" that threaten to "upend[]" the oil and gas industry based on "interpretations of the word

current DOL salary basis regulations (as interpreted by the district court and now affirmed in the Opinion), employees who undisputedly perform White-Collar job duties and receive salaries over the DOL's "screening" threshold will still be classified as non-exempt <u>solely</u> because they received hourly pay in addition to their weekly salaries. For the reasons set forth in HR-IT's briefing,[10] this conflicts with the FLSA's "text, structure, history, and purpose"[11] which confirms that the White-Collar exemptions were intended to turn on job duties, <u>not</u> pay. *See Hewitt*, 143 S. Ct. at 695 (Kavanaugh, J., dissenting) (explaining that the FLSA "focuses on whether the employee performs [White-Collar] duties, not how much an employee is paid or how an employee is paid."). [12] If anything, payments above the minimum salary threshold—like here—indicate employees are <u>more</u> likely in a bona fide

---

'salary'"); Brief for Indep. Petrol. Ass'n of America et al., *Amici Curiae* in *Hewitt*, at 18–19 (U.S. July 13, 2022), 2022 WL 2824419 ("salary basis" test would "force[] an entire industry (and potentially other industries as well) to adopt less efficient compensation plans and practices" for employees who clearly meet the "plain meaning of 29 U.S.C. § 213").

[10] HR-IT Opening Br. at 38–48; HR-IT Reply Br. at 17–20.

[11] *Gulf Fishermens Ass'n v. Nat'l Marine Fisheries Serv.*, 968 F.3d 454, 460 (5th Cir. 2020), *as revised* (Aug. 4, 2020).

[12] *See also Nevada v. United States Dep't of Lab.*, 275 F. Supp. 3d 795, 806-07 (E.D. Tex. 2017) (explaining that while earning a certain level of salary can help "*identify*[] categories of employees Congress intended to be exempt," it cannot "essentially make an employee's duties, functions, or tasks irrelevant."); *Hewitt*, 15 F.4th at 314–16 (Jones, J., dissenting) (approving of *Nevada*'s analysis and noting "the validity of the salary test turns on its effectiveness as a filter for duties"); DOL, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 84 Fed. Reg. 51230, 51281 (Sept. 27, 2019) (DOL's "2019 Rule") ("the statutory text … grounds an analysis of exemption status in the 'capacity' in which someone is employed—i.e., **that employee's duties**."); *id.* at 51237 ("Salary is a helpful indicator of the capacity in which an employee is employed, especially among lower-paid employees," "[b]ut it is not 'capacity' in and of itself").

White-Collar role. Yet, here it is undisputed that if Plaintiffs <u>only</u> received their weekly salaries, they would have been determined to be properly classified as exempt.

Respectfully, the Panel's affirmance district court's decision supports an absurd and unreasonable interpretation of Congress's intent to exclude White-Collar employees from the FLSA. Therefore, HR-IT requests that the Panel reconsider HR-IT's arguments regarding the validity of the DOL's salary basis regulations, and in particular the reasonable relationship test set forth in 541.604(b).

## CONCLUSION

For all the foregoing reasons, HR-IT requests that the Court grant rehearing, reverse the district court's order granting summary judgment in favor of Plaintiffs and, instead, grant summary judgment in favor of HR-IT.

Dated:  **August 7, 2023**              Respectfully submitted,

                                        By:  */s/ Ashlee Cassman Grant*

                                        **Ashlee Cassman Grant**
                                        Texas Bar No. 24082791
                                        Federal ID No. 1607786
                                        **Paul M. Knettel**
                                        Texas Bar No. 24102031
                                        Federal ID No. 3005240
                                        **BAKER & HOSTETLER LLP**
                                        811 Main Street, Suite 1100
                                        Houston, Texas  77002
                                        Telephone:  (713) 751-1600
                                        Facsimile:  (713) 751-1717

agrant@bakerlaw.com
pknettel@bakerlaw.com

ATTORNEYS FOR DEFENDANT –
APPELLANT HAMILTON-RYKER
IT SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

I certify that on August 7, 2023, a copy of the foregoing Brief was filed electronically. Notice of this filing will be sent by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system.

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with the type-volume limit of FED. R. APP. P. 35(b)(2)(A) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this brief contains 3361 words, as determined by the word count function of Microsoft Word. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman typeface.

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

Counsel for Defendant-Appellant
Hamilton-Ryker IT Solutions, LLC

Dated: August 7, 2023