# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Ashlee C. Grant
direct dial: 713.646.1316
agrant@bakerlaw.com

September 22, 2023

**VIA CM/ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70310-3408

**RE:  Rule 28(j) Letter in Case No. 22-40219, *Gentry v. Hamilton-Ryker IT Solutions, LLC***

Dear Mr. Cayce:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Hamilton-Ryker IT Solutions, LLC ("HR-IT") submits *Wilson v. Schlumberger Tech. Corp.*, No. 21-1231, 2023 WL 5839557 (10th Cir. Sept. 11, 2023) as supplemental authority supporting HR-IT's Petitions for Panel and *En Banc* Rehearing.

    Wilson received "a fixed bi-weekly salary of $924," $205/hour for rig time, $102.50/hour for standby, and other bonuses. *Wilson*, 2023 WL 5839557, at *1. "[T]he rigday rate typically accounted for the bulk of his compensation." *Id.* at *3.

    *Wilson* held that 29 C.F.R. § 541.604(a)—<u>not</u> 541.604(b)—applied: "541.604(a) covers employees who received a fixed base salary above the FLSA minimum plus additional compensation that is paid on any basis, including time." *Id.* at *4.  Since Wilson "was paid the same salary every two weeks," his "actual compensation" was "not based upon his hours days, or shifts of work," and "[e]verything else was additional compensation." *Id.* at *5.

Lyle W. Cayce
September 22, 2023
Page 2

    *Wilson* **creates a circuit split** with the Panel opinion, which affirmed applying 541.604(b)'s reasonable relationship test despite Plaintiffs-Appellees being paid the same weekly salary regardless of time worked, plus additional hourly compensation. Indeed, *Wilson* did "not find *Gentry* persuasive" because, contrary to the district court's holding that 541.604(a) only applied to payments for hours "beyond the normal workweek," *Wilson* found this statement is merely an "example[] of when additional compensation may be paid" and "does not, by its plain language, exclude other compensation schemes where additional compensation is calculated hourly but not beyond the 40-hour workweek." *Id.* at n.4.

    Moreover, *Wilson* **confirms 541.604(b) should be invalidated**. *Wilson* saw a "stark contrast in fact patterns" because Plaintiffs-Appellees' salary was "equal to 8 hours of pay." *Id.* at n.4. But, just like Wilson, Plaintiffs-Appellees' salaries were guaranteed, exceeded the regulations' "screening" threshold, and did not fluctuate based on time worked. According to *Wilson*'s "contrast," had HR-IT randomly set Plaintiffs-Appellees' salary, 541.604(a) would apply, but because HR-IT sensibly derived Plaintiffs-Appellees' salary from their additional hourly rate, 541.604(b) applied. This confirms 541.604(b) creates arbitrary distinctions that have no bearing on employees' "bona fide" White-Collar "capacity" under 29 U.S.C. § 213(a)(1).

    *Wilson* confirms rehearing is warranted.

Lyle W. Cayce
September 22, 2023
Page 3

                                      Respectfully submitted,

                                      By:  */s/ Ashlee Cassman Grant*
                                      **Ashlee Cassman Grant**
                                      Texas Bar No. 24082791
                                      Federal ID No. 1607786
                                      **Paul M. Knettel**
                                      Texas Bar No. 24102031
                                      Federal ID No. 3005240
                                      **BAKER & HOSTETLER LLP**
                                      811 Main Street, Suite 1100
                                      Houston, Texas  77002
                                      Telephone:  (713) 751-1600
                                      Facsimile:  (713) 751-1717
                                      agrant@bakerlaw.com
                                      pknettel@bakerlaw.com

                                      ATTORNEYS FOR DEFENDANT – APPELLANT  HAMILTON-RYKER IT SOLUTIONS, LLC

## **CERTIFICATE OF COMPLIANCE**

     I hereby certify that this letter complies with the type-volume limit of FED. R. APP. P. 28(j) because its body contains 350 words.  I further certify this letter complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and (6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

Dated: September 22, 2023

                                        */s/ Ashlee C. Grant*
                                         Ashlee C. Grant

2023 WL 5839557
Only the Westlaw citation is currently available.
United States Court of Appeals, Tenth Circuit.

Mark WILSON, Plaintiff - Appellee,

v.

SCHLUMBERGER TECHNOLOGY
CORPORATION, Defendant - Appellant.

No. 21-1231
|
FILED September 11, 2023

**Synopsis**
**Background:** Employee brought action against his former employer, alleging violation of Fair Labor Standards Act by classifying him as exempt from overtime pay for hours worked beyond 40-hour workweek. Jury granted judgment for employee. The United States District Court for the District of Colorado, R. Brooke Jackson, J., 2021 WL 2311667, denied employer's motion for judgment as matter of law, or alternatively, for new trial, and granted in part employee's motion to amend final judgment to include liquidated damages, costs, attorney's fees, and interest. Employer appealed.

**Holdings:** The Court of Appeals, Tymkovich, Circuit Judge, held that:

[1] employee's day-rate bonus system fit squarely within regulation concerning employees who received base salary and additional compensation;

[2] reasonable-relationship requirement did not apply to employee who received base salary and additional compensation;

[3] employee's rig-rate bonus fit within regulation concerning employees who received base salary and additional compensation; and

[4] remand for new trial was warranted as to whether administrative employee exemption applied.

Vacated and remanded.

**Procedural Posture(s):** On Appeal; Motion for Judgment as a Matter of Law (JMOL)/Directed Verdict; Motion for New Trial; Motion to Alter or Amend Judgment.

West Headnotes (11)

[1] **Federal Courts** — Instructions

Court of Appeals reviews jury instructions de novo, examining whether as a whole, the instructions accurately informed the jury of the issues and the governing law.

[2] **Federal Civil Procedure** — Instructions

Failure to properly instruct the jury requires a new trial if the jury might have based its verdict on the erroneously given instruction.

[3] **Labor and Employment** — Exemptions

Employer bears burden of proving that exemption exists under FLSA. Fair Labor Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213.

[4] **Labor and Employment** — Strict or liberal construction of exemptions

FLSA exemptions are to be narrowly construed against employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit. Fair Labor Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213.

[5] **Labor and Employment** — Salaried Status

Employee's day-rate bonus system, whereby he received fixed base salary plus extra compensation paid on hourly basis, fit squarely within FLSA administrative exemption regulation concerning employees who received base salary and additional compensation, since regulation expressly allowed for additional compensation to be paid on any basis. Fair Labor

Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213; 29 C.F.R. § 541.604(a).

[6]   **Labor and Employment** — Salaried Status

Reasonable-relationship requirement did not apply to employee who received base salary and additional compensation, in employee's action against his former employer alleging violation of FLSA by classifying him as exempt from overtime pay for hours worked beyond 40-hour workweek; although employee's pay varied widely from one week to next, his actual compensation, i.e., his salary, was not based upon his hours, days, or shifts of work in that he was paid same salary every two weeks and everything else was additional compensation. Fair Labor Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213; 29 C.F.R. § 541.604(a).

[7]   **Labor and Employment** — Salaried Status

FLSA administrative exemption regulation applying to employees who received additional compensation above base salary covers employees who received a fixed base salary above the FLSA minimum plus additional compensation that is paid on any basis, including time. Fair Labor Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213; 29 C.F.R. § 541.604(a).

[8]   **Labor and Employment** — Salaried Status

FLSA administrative exemption regulation applying to employees who receive their base pay, rather than additional compensation, on an hourly, daily, or shift basis applies only to employees whose base compensation is computed on an hourly, daily, or shift basis. Fair Labor Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213; 29 C.F.R. § 541.604(b).

[9]   **Labor and Employment** — Salaried Status

Employee's rig-rate bonus, whereby employee received fixed bi-weekly base salary and additional compensation, some of which was paid on hourly rate basis, fit within FLSA administrative exemption regulation concerning employees who received base salary and additional compensation, since regulation expressly stated that "additional compensation may be paid on any basis," including as "flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis." Fair Labor Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213; 29 C.F.R. § 541.604(a).

[10]   **Federal Courts** — All or part of issues or parties, new trial on

Remand for new trial was warranted as to whether administrative employee exemption applied, in employee's action against his former employer alleging violation of FLSA by classifying him as exempt from overtime pay for hours worked beyond 40-hour workweek; although employee was compensated on salary or fee basis above $455 per week, parties presented conflicting evidence at trial about employee's duties, whether his duties were directly related to employer's business operations, and whether his job required exercise of discretion and independent judgment. Fair Labor Standards Act of 1938 §§ 7, 13, 29 U.S.C.A. §§ 207, 213.

[11]   **Federal Civil Procedure** — Evidence

Judgment as matter of law is appropriate only if proof is all one way or so overwhelmingly preponderant in favor of movant as to permit no other rational conclusion. Fed. R. Civ. P. 50.

**Appeal from the United States District Court for the District of Colorado (D.C. No. 1:17-CV-00281-RBJ)**

**Attorneys and Law Firms**

[Robert P. Lombardi](https://...) ([Samuel Zurik III](https://...) and [Kelly D. Reese](https://...), with him on the briefs), The Kullman Firm, P.L.C., New Orleans, Louisiana, for Defendant-Appellant.

[J. Derek Braziel](https://...), Braziel Dixon, LLP, Dallas, Texas, for Plaintiff-Appellee.

Before [HARTZ](https://...), [TYMKOVICH](https://...), and [McHUGH](https://...), Circuit Judges.

**Opinion**

[TYMKOVICH](https://...), Circuit Judge.

**\*1** Mark Wilson claims that his former employer, Schlumberger Technology Corporation, violated the Fair Labor Standards Act by classifying him as exempt from overtime pay for hours worked beyond the 40-hour workweek. At trial, the jury agreed with Mr. Wilson and awarded him nearly $40,000 in overtime backpay.

We conclude the district court should not have instructed the jury to determine whether Mr. Wilson's salary was exempt under regulations guiding the application of the FLSA. That was a legal issue for the court to determine. Because the instruction caused the jury to find in Mr. Wilson's favor, we vacate the judgment and remand for a new trial.

### I. Background

#### A. Mr. Wilson's Employment

From 2009 to 2016, Mark Wilson worked as a measurement-while-drilling operator (MWD) for Schlumberger, a company that provides oilfield services. An MWD operator supports oil-exploration companies that are drilling wells to produce gas and oil, and manages onsite activities during the drilling process. Part of a MWD's duties is to provide "surveys and logs transmitted from 'downhole' sensors." Aplt. Br. at 4. These surveys provide the exact location of the bottom part of the drill string, which is typically "thousands of feet deep in the well." *Id.* The surveys also tell the customers whether the drilling is proceeding according to the preplanned drill path or if it has deviated. "Wilson's job was to review this data, make judgments as to its accuracy by such techniques as comparing results to the plan, trend analysis, and correlation with other data, then mark or correct data, if necessary, and provide it to the customer." *Id.* at 5.

Mr. Wilson was well paid for his work. His compensation consisted of the following: a fixed bi-weekly salary of $924 ($462 per week); for time spent on a drilling rig, a rig-rate bonus of $205 per hour; for time on-call but not physically present on a rig, a standby rate of $102.50 per hour; vehicle and meal allowances; and various other bonuses, including remote ops-crew bonus, reduced crew incentive, a key-tech bonus, and a lead bonus. Mr. Wilson earned over $100,000 per year from 2009 through 2014. Mr. Wilson's rig-rate pay typically made up the largest portion of his earnings. For example, in 2014 (before the price of oil dropped), Mr. Wilson's rig-rate payments totaled $72,150, while his bi-weekly salary payments totaled $28,812.90. From February 2015 to October 2016, Mr. Wilson's pay was less than $100,000 per year due to a decline in oil exploration.

Schlumberger classified MWD operators, including Mr. Wilson, as exempt employees for FLSA purposes. As an exempt employee, Mr. Wilson did not receive overtime pay even though he regularly worked shifts that lasted longer than 12 hours and often worked more than 40 hours a week.

#### B. Procedural History

In 2017, Mr. Wilson sued Schlumberger on behalf of himself and two other MWD operators, alleging that Schlumberger violated the FLSA by not paying them an overtime rate for hours worked beyond the 40-hour workweek. The case was tried before a jury over five days in October 2020. At the conclusion of the plaintiffs' case, Schlumberger moved for judgment as a matter of law. The court granted the motion on several claims but denied it as to Mr. Wilson's individual overtime claim.

**\*2** Over Schlumberger's objection, the district court instructed the jury to determine whether the FLSA exemption for salaried employees applied to MWD operators under Schlumberger's compensation scheme. The jury found that Schlumberger failed to prove that it paid Mr. Wilson on a salary basis, and therefore Mr. Wilson did not qualify for FLSA's overtime-pay exemption. Because the jury also found that Mr. Wilson worked more than 40 hours during certain workweeks, the jury awarded him backpay overtime compensation of $39,129.

## II. Analysis

Schlumberger challenges the district court's failure to grant judgment as a matter of law on the overtime-compensation claim. It argues the jury instructions wrongly allowed the jury to determine Mr. Wilson's eligibility as an exempt employee.

[1] [2] "We review jury instructions de novo, examining whether as a whole, the instructions accurately informed the jury of the issues and the governing law." *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1221 (10th Cir. 2008). "Failure to properly instruct the jury requires a new trial if the jury might have based its verdict on the erroneously given instruction." *Id.* (internal quotation marks omitted).

### A. Legal Framework

[3] [4] The FLSA requires employers to pay employees at a higher rate for hours worked beyond 40 hours in a week unless the employee is exempt. 29 U.S.C. §§ 207, 213. The employer bears the burden of proving an exemption exists, and the Supreme Court has made clear that FLSA "exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960).

The Department of Labor has promulgated a number of regulations to flesh-out the application of FLSA exemptions. For our purposes, to qualify as an exempt executive, administrative, or professional employee under the FLSA, the employee must be "compensated on a *salary basis* at a rate of not less than $455 per week." 29 C.F.R. § 541.600(a) (2004) (emphasis added).[1] The regulations consider an employee to be paid on a salary basis "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." § 541.602(a).

If an employee is paid a predetermined or guaranteed salary but receives additional compensation beyond that salary, the employer must comply with another regulation, § 541.604, to avoid losing the exemption. That provision allows for an employer to pay exempt employees compensation in addition to their base salary, without losing the overtime exemption, if the employee is guaranteed "at least the minimum weekly-required amount paid on a salary basis." § 541.604(a).[2] The additional compensation covered by subsection (a) "may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis)," including paid time off. *Id.*

**\*3** In turn, subsection (b) of § 541.604 allows an employer to pay an exempt employee, without losing the exemption, by computing the employee's earnings on an hourly, daily, or shift basis.[3] § 541.604(b). This compensation arrangement must (1) "include[ ] a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked," and (2) must meet the reasonable-relationship test. *Id.* This test is "met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek." *Id.*

### B. Application

[5] [6] The evidence at trial established that Mr. Wilson received a bi-weekly base salary ($923.08) that Schlumberger paid regardless of the number of hours, days, or shifts worked. The evidence also established that Mr. Wilson was paid an additional rig-rate bonus for time spent in the field. Because the rig rate was paid at a high hourly rate while Mr. Wilson's base salary was relatively low, the rigday rate typically accounted for the bulk of his compensation. For example, in 2014 (before the price of oil dropped), Mr. Wilson's rig-rate payments totaled $72,150, while his bi-weekly salary payments totaled $28,812.90. The district court concluded that § 541.604(b) and the reasonable-relationship test applied to Mr. Wilson because "the evidence was that Wilson was primarily compensated on a daily rig rate basis." Order at 4.

Consequently, the district court gave Jury Instruction No. 10:

> STC contends Plaintiff was paid on a "salary basis." Being paid on a "salary basis" means the employee regularly receives (e.g. on a weekly basis) a predetermined amount constituting all or part of the employee's compensation. Employees who are paid on a salary basis and make more than a set amount per week are considered exempt under the FLSA.
>
> An employer may pay a salary basis employee additional compensation without losing the employee's exempt status

if the employee's compensation includes a guarantee of at least the minimum weekly required amount paid on a salary basis and if the additional compensation bears a reasonable relationship to the guaranteed amount. If there is *not* a reasonable relationship between the guaranteed salary amount and the total amount earned by the employee, then the employee is *not* being paid on a salary basis. In that situation the employee is no longer exempt. The reasonable relationship test will be met if the weekly salary guarantee is roughly equivalent or proportional to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek.

**\*4** Plaintiff contends that STC did not pay him on a salary basis. Plaintiff contends that the additional compensation paid to him in the form of bonuses did not bear a reasonable relationship to the guaranteed salary amount such that the overall compensation does not constitute compensation on a "salary basis."

App. 180.

The question then is whether § 541.604(b) applies when an employee receives *additional compensation* on an hourly, daily, or shift basis, or if the regulation only applies when an employee receives his *base compensation* on an hourly, daily, or shift basis. That is, does subsection (a) apply to employees like Mr. Wilson who received a fixed base salary plus extra compensation paid in any manner, including hourly. Or, in contrast, does subsection (b) apply only to employees whose *base compensation* is computed on an hourly, daily, or shift basis. Mr. Wilson's position is that subsection (a) applies to employees who receive a fixed base salary plus extra compensation paid in any manner *except* for time or shift-based, with subsection (b) applying to employees who receive *any* portion of their compensation on an hourly, daily, or shift basis.

**[7]** **[8]** Based on the text, explanatory illustrations in the regulation, and persuasive caselaw, we conclude § 541.604(a) covers employees who received a fixed base salary above the FLSA minimum plus additional compensation that is paid on any basis, including time. Subsection (b) applies only to employees whose base compensation is computed on an hourly, daily, or shift basis.

*1. Section 541.604*

Section 541.604(a) applies to employees who receive additional compensation above a base salary. The first sentence of § 541.604(a) explains that an employer may pay an employee additional compensation without losing the employee's exempt status. In fact, § 541.604(a) expressly states that "additional compensation may be paid on any basis."

Section 541.604(b), on the other hand, does not refer to additional compensation at all—instead, the subsection makes clear that "[t]he reasonable relationship requirement applies only if the employee's *pay* is computed on an hourly, daily or shift basis." *Id.* (emphasis added). Elsewhere in the same subsection, the regulation uses the term "earnings" instead of "pay," but nowhere does it reference *additional compensation* that is "computed on an hourly, daily or shift basis." *See id.* Subsection (a) is the only subsection of § 541.604 that even mentions additional compensation.

The examples used in subsections (a) and (b) demonstrate the distinctions between the two subsections. Each example in subsection (a) concerns an employee who receives *additional compensation* in addition to a base salary:

> [F]or example, an exempt employee guaranteed at least $455 each week paid on a salary basis may also receive additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $455 each week paid on a salary basis. Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek.

§ 541.604(a).

Conversely, the example in subsection (b) does not involve additional compensation—rather, it describes an employee whose *base* pay is computed on a per-shift basis:

**\*5** [F]or example, an exempt employee guaranteed compensation of at least $500 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $150 per shift without violating the salary basis requirement.

§ 541.604(b). These examples support the interpretation that § 541.604(a) applies when an employee receives a base salary and additional compensation, and § 541.604(b) applies when an employee is merely guaranteed a minimum salary, but is typically paid on an hourly, daily, or shift basis. Because Mr. Wilson received a fixed base salary and additional compensation in the form of a rig-rate payment and other bonuses, the examples in § 541.604(a) are more akin to Mr. Wilson's situation.

The Department of Labor's final rule adopting the current version of § 541.604 supports the interpretation that § 541.604(b) only applies to employees who receive their base pay—rather than additional compensation—on an hourly, daily, or shift basis:

> The National Technical Services Association states that it was unclear whether the reasonable relationship requirement applies in all cases to employees who receive a salary and additional compensation. We have clarified that this requirement applies only when an employee's *actual pay* is computed on an hourly, daily or shift basis. Thus, for example, if an employee receives a guaranteed salary plus a commission on each sale or a percentage of the employer's profits, the reasonable relationship requirement does not apply. Such an employee's pay will understandably vary widely from one week to the next, and the employee's *actual compensation* is not computed based upon the employee's hours, days or shifts of work.

Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122-01, 22183 (Apr. 23, 2004) (emphasis added).

The DOL's explanation uses the terms "actual pay" and "actual compensation" to distinguish employees who receive a base salary and additional compensation from employees who are guaranteed a base salary but are actually paid on an hourly, daily, or shift basis. Because Mr. Wilson fits within the former category, the reasonable-relationship requirement does not apply. Like the employee who "receives a guaranteed salary" plus commissions or profits, Mr. Wilson's pay similarly "var[ied] widely from one week to the next." *Id.* But Mr. Wilson's actual compensation—his salary—was not based upon his hours, days, or shifts of work. Mr. Wilson was paid the same salary every two weeks. Everything else was additional compensation. This differentiates Mr. Wilson from the employee described in § 541.604(b) whose actual pay varies from week to week based upon how many shifts he works.

**[9]** In addition, Mr. Wilson's rig-rate bonus fits within § 541.604(a) because the regulation expressly states that "additional compensation may be paid on any basis," including as a "flat sum, bonus payment, straight-time hourly amount, time and one-half *or any other basis*." § 541.604(a) (emphasis added). The evidence at trial showed that Mr. Wilson received a fixed bi-weekly base salary and additional compensation, some of which was paid on an hourly rate basis.

Because § 541.604(a) expressly allows for additional compensation to be paid on any basis, Schlumberger's day-rate bonus system fits squarely within § 541.604(a).

*2. Other Authority*

**\*6** Decisions from other courts support our conclusion that Mr. Wilson's salary and additional compensation fall within the bounds of § 541.604(a).

First, the Supreme Court's recent FLSA decision, *Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39, 143

S.Ct. 677, 214 L.Ed.2d 409 (2023), supports our reading of § 541.604. In that case, the Court considered when a worker paid on a salary basis under either § 541.602(a) or § 541.604(b) qualifies for the highly-compensated employee exemption from the FLSA's overtime requirements. *Id.* at 49, 143 S.Ct. 677. The Court's discussion of § 541.604 makes clear that subsection (b), and its reasonable-relationship requirement, is only appropriate for workers compensated on an hourly, daily, or shift basis, not for workers whose compensation is calculated on a weekly or less frequent basis. *Id.* at 46–47, 143 S.Ct. 677. As the Court explained, *additional* compensation—even if computed on an hourly, daily, or shift basis—that is added to a fixed salary computed on a weekly or less frequent basis would not fall under the aegis of § 541.604(b). The Supreme Court emphasized that under the regulatory scheme, "§ 602(a) and § 604(b) are independent routes for satisfying the [ ] rule's salary-basis component. So a pay scheme meeting § 602(a) and the [ ] rule's other requirements does not also have to meet § 604(b) to make a worker exempt." *Id.* at 50 n.3, 143 S.Ct. 677.

In another recent decision, the Third Circuit reached the same result we do. In *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755 (3d Cir. 2023), the court held that the plaintiff—who received a fixed salary not subject to reduction for quality or quantity of work, plus additional compensation in the form of a bonus for exceeding productivity minimums—was exempt under the FLSA and that the additional compensation did not convert the salaried plaintiff to non-exempt status. In reaching this holding, the court emphasized the same distinction that we have highlighted here, that "[t]he regulation requires only that the employee receive a predetermined amount of money each pay period that is *part of* the employee's compensation." *Id.* at 761 (internal quotation marks omitted). "So long as the employer does not dock that pre-determined part of the employee's compensation, the employer has satisfied the salary basis test." *Id.*

Likewise, the Fifth Circuit's recently decided *Hebert v. FMC Technologies, Inc.*, No. 22-20562, 2023 WL 4105427 (5th Cir. June 21, 2023) (unpublished), supports our interpretation. In *Hebert*, the court addressed whether a salaried employee otherwise exempt from FLSA's overtime requirement can be converted to non-exempt by the payment of additional compensation beyond the guaranteed salary. The Fifth Circuit held that the plaintiff, an oil-and-gas installation engineer who received a guaranteed salary plus additional compensation in the form of a field-service premium for days spent working at an offshore site, was exempt and that his additional compensation did not convert him to non-exempt status. *Id.* at *2.

In reaching this conclusion, the court emphasized that the employee's bi-weekly salary "plainly satisfies" the salary-basis definition found in § 541.602(a). *Id.* The employee "does not lose his status as an employee paid on a salary basis just because he is also paid a bonus on top of [his guaranteed] salary." *Id.* (citing § 541.604(a)). The court noted that § 604(b)'s reasonable-relationship requirement was only applicable to "employees whose earnings are computed on an hourly, daily, or shift basis." *Id.* at *2 n.5. Consequently, because Hebert was a salaried employee, he was not covered by § 604(b). *Id.* [4]

*7 Additionally, in an unpublished decision from 2010, the Eleventh Circuit explained that under § 541.604(a), if an employee receives a guaranteed minimum salary that is not tied to hours, days, or shifts worked, then the employer can pay additional compensation in any manner it chooses, including based on an hourly or daily rate. *See Bell v. Callaway Partners, LLC*, 394 F. App'x 632, 634 (11th Cir. 2010). Similarly, a district court in the Fifth Circuit reached the same conclusion on nearly the same set of facts we have before us. In *Venable v. Schlumberger Ltd.*, No. 6:16-cv-00241, 2022 WL 895447 (W.D. La. Mar. 25, 2022), *appeal filed sub nom. Venable v. Smith Int'l*, No. 22-30227 (5th Cir. Apr. 22, 2022), the court concluded that the reasonable-relationship requirement did not apply to employees who were paid a weekly salary and additional compensation for days spent on an oil rig, even though their day-rate pay accounted for most of their total compensation. *Id.* at *3–5. The court distinguished the pay structure at issue from the one in *Helix*, explaining that § 541.604(b) does not apply when an employee's "pay is calculated 'on a weekly, or less frequent basis' and is not pay 'computed on ... a daily ... basis.'" *Id.* at *5 (first quoting § 541.602(a); and then quoting § 541.604(b)).

* * *

In sum, Mr. Wilson met the exemption criteria of § 541.604(a) and the jury should not have been instructed to apply the reasonable-relationship test of § 541.604(b).

C. Remedy

 [10] Because the trial court erroneously instructed the jury, we must decide whether to remand for a new trial. Schlumberger contends it is entitled to judgment as a matter of law. Specifically, it asserts the overwhelming evidence at trial demonstrates that Mr. Wilson meets the requirements of the administrative exemption, which covers any employee

> (1) [c]ompensated on a salary or fee basis above $455 per week [...]; (2) [w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) [w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

§ 541.200.

The first prong of the exemption is met in Mr. Wilson's case. The other two prongs, however, may be subject to a factual dispute. At trial, the parties presented conflicting evidence about Mr. Wilson's duties, whether his duties are directly related to Schlumberger's business operations, and whether his job required the exercise of discretion and independent judgment.

 [11] Judgment as a matter of law is appropriate "only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." *J.I. Case Credit Corp. v. Crites*, 851 F.2d 309, 311 (10th Cir. 1988). Although the evidence may weigh in favor of Schlumberger—which the district court acknowledged at trial outside of the jury's presence—we leave it to the district court on remand to sort out whether the other prongs of the administrative-employee exemption are satisfied in Mr. Wilson's case.

### III. Conclusion

We vacate the district court's judgment and remand for a new trial.

**All Citations**

--- F.4th ----, 2023 WL 5839557

### Footnotes

1  The 2004 version of the FLSA regulations apply in this case.

2  Section 541.604(a) provides:

> An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of *at least the minimum weekly-required amount paid on a salary basis*. Thus, for example, an exempt employee guaranteed at least $455 each week paid on a salary basis may also receive additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $455 each week paid on a salary basis. Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek. *Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.* (emphasis added)

3  Section 541.604(b) provides in part:

> *An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek.* Thus, for example, an exempt employee guaranteed compensation of at least $500 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $150 per shift without violating the salary basis requirement. The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis. It does not apply, for example, to an exempt store manager paid a guaranteed salary of $650 per week who also receives a commission of one-half percent of all sales in the store or five percent of the store's profits, which in some weeks may total as much as, or even more than, the guaranteed salary. (emphasis added)

[4]   Another possible interpretation of § 541.604 relies on subsection (a)'s use of the phrase "beyond the normal workweek" to carve out the exemption. *See Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-CV-00320, 2022 WL 658768, at *5 (S.D. Tex. Mar. 4, 2022) *report and recommendation adopted,* No. 3:19-CV-00320, 2022 WL 889276 (S.D. Tex. Mar. 25, 2022), *aff'd sub nom. Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, No. 22-40219, 2023 WL 4704115 (5th Cir. July 24, 2023) (applying subsection (a) to employees who receive a fixed base salary and additional compensation for hours worked beyond the 40-hour workweek and subsection (b) to employees who receive any portion of their compensation on an hourly, daily, or shift basis unless the additional compensation above the minimum guaranteed amount is for hours worked beyond the normal workweek).

We do not find *Gentry* persuasive for two reasons. First, it is not clear that § 541.604(a) only applies to "additional compensation *based on hours worked for work beyond the normal workweek*." *Id.* That statement comes as the third of three examples of when additional compensation may be paid without an employee losing the overtime exemption; it does not, by its plain language, exclude other compensation schemes where additional compensation is calculated hourly but not beyond the 40-hour workweek, such as how Schlumberger compensated Mr. Wilson.

Second, *Gentry* is wholly concerned with a compensation scheme where the employee received a guaranteed weekly salary equal to 8 hours of pay in any week in which the employee performed any work—*i.e.*, it was computed on an hourly basis. *Id.* at *2. The employee was paid that same hourly rate for any work performed over 8 hours in a work week, including any hours worked over 40 hours. *Id.* In arriving at its conclusion, *Gentry* relies on authority concerned with pay computed on an hourly basis, *Holladay v. Burch, Oxner, Seale Co., CPA's, PA*, No. CIV.A.407-CV-03804RB, 2009 WL 614783, at *6 (D.S.C. Mar. 6, 2009); U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2018-25, 2018 WL 5925115 (Nov. 8, 2018), or that computes salaried pay based on a first and then second project, U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2020-2, 2020 WL 122924 at *3–4 (Jan. 7, 2020).

Given the stark contrast in fact patterns our respective courts are concerned with, we are hard-pressed to say that the logic of *Gentry* bears on this case.

---

**End of Document**   © 2023 Thomson Reuters. No claim to original U.S. Government Works.