# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Terry Gentry, on behalf of himself and all others similarly situated,

*Plaintiff – Appellee*

v.

Hamilton-Ryker IT Solutions, L.L.C.,

*Defendant – Appellant*

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
Civil Action No. 3:19-cv-00320
Honorable Jeffrey V. Brown, District Judge, presiding

---

## PLAINTIFF – APPELLEE'S RESPONSE TO DEFENDANT-APPELLANT'S PETITION FOR REHEARING *EN BANC*

---

Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@wageandhourfirm.com
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@wageandhourfirm.com
Wage and Hour Firm
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 210-2100
(469) 319-0317 – facsimile

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
8 Greenway Plaza, Suite 3025
Houston, Texas 77046
(713) 877-8788
(713) 877-8065 – facsimile

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Terry Gentry, on behalf of himself and all others similarly situated,

*Plaintiff – Appellee*

v.

Hamilton-Ryker IT Solutions, L.L.C.,

*Defendant – Appellant*

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
Civil Action No. 3:19-cv-00320
Honorable Jeffrey V. Brown, District Judge, presiding

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the Judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff – Appellee**

*Named Plaintiff:* Terry Gentry (deceased), Estate of Terry Gentry, Kaylie Gentry, Ricky Lee Gentry

*Opt-in Plaintiff*: Marc Taylor

**Counsel for Plaintiff – Appellee**

Melinda Arbuckle, Ricardo J. Prieto, Wage and Hour Firm; Richard J. (Rex) Burch

**Defendant – Appellant**

Hamilton-Ryker IT Solutions, LLC, and iSymphony, LLC, a wholly owned subsidiary of Hamilton-Ryker IT Solutions, LLC

**Counsel for Defendant – Appellant**

Ashlee Cassman Grant, Paul M. Knettel, Baker & Hostetler LLP

Dated:  October 25, 2023          s/Melinda Arbuckle_____
                                 Melinda Arbuckle
                                 **ATTORNEY OF RECORD FOR**
                                 **PLAINTIFF – APPELLEE**

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

TABLE OF CONTENTS ............................................................................................. iv

I.  ISSUE PRESENTED ......................................................................................... 1

II.  SUMMARY OF THE ARGUMENT ................................................................ 1

III.  ARGUMENT AND AUTHORITIES .............................................................. 6

    A.  Standard. ........................................................................................................ 6

    B.  There Is No Conflict Between *Helix* and *Gentry*. ...................................... 6

    C.  *Gentry* Does Not Conflict with *Hebert* or Out-of-Circuit Cases. .............. 7

        1.  The Infrequently Earned "Premium Payment for Specific Services" in *Hebert* Contrasts Sharply with the Ordinary Hourly Wages in *Gentry*, and Materially Alters the § 604(a) Analysis. ............................................................................................ 8

        2.  As Discussed at Length in Prior Briefing, *Gentry* Does Not Conflict with *Litz* or *Anani*. ........................................................... 9

    D.  The Panel Did Not "Overlook" Appellant's Argument Regarding the DOL's Authority to Regulate FLSA Exemptions—Appellant Forfeited It. .......................................................................................................... 9

        1.  Even If the Panel Should Have *Discussed* Appellant's Forfeited Argument, DOL Has Express Authority to Define and Delimit a Salary-Basis Test. ..................................................... 11

IV.  CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anani v. CVS RX Servs., Inc.*,
730 F.3d 146 (2nd Cir. 2013) ........................................................................ 5, 9

*Belanger v. Geico Gen. Ins. Co.*,
623 F. App'x 684 (5th Cir. 2015) ...................................................................... 10

*Brock v. Claridge Hotel & Casino*,
846 F.2d 180 (3d Cir. 1988) ............................................................................... 3

*Matter of Chesteen*,
799 F. App'x 236 (5th Cir. 2020) ...................................................................... 11

*Craig v. Far West Eng'g Co.*,
265 F.2d 251 (9th Cir.) ................................................................................. 5, 12

*Ekhlassi v. Nat'l Lloyds Ins. Co.*,
926 F.3d 130 (5th Cir. 2019) ............................................................................ 10

*Gentry v. Hamilton-Ryker IT Sols., L.L.C.*,
No. 22-40219, 2023 WL 4704115 (5th Cir. July 24, 2023) (per curiam) ............*passim*

*Gentry v. Hamilton-Ryker IT Sols., LLC*,
No. 3:19-cv-00320, 2022 WL 658768 (S.D. Tex. Mar. 4, 2022) ................................. 4

*Hebert v. FMC Techs., Inc.*,
No. 22-20562, 2023 WL 4105427 (5th Cir. June 21, 2023) (per
curiam) ............................................................................................*passim*

*Helix Energy Solutions Group, Inc. v. Hewitt*,
598 U.S. 39 (2023) .....................................................................................*passim*

*Hewitt v. Helix Energy Solutions Group, Inc.*,
15 F.4th 289 (5th Cir. 2021) .................................................................. 1, 3, 5, 6

*Litz v. Saint Consulting Grp., Inc.*,
772 F.3d 1 (1st Cir. 2014) ............................................................................. 5, 9

*Mayfield v. U.S. Dep't of Lab.*,
No. 1:22-CV-792-RP, 2023 WL 6168251 (W.D. Tex. Sept. 20, 2023)
(appeal filed) ................................................................................................. 11, 12

*Nevada v. DOL*,
275 F. Supp. 3d 795 (E.D. Tex. 2017) ...................................................... 12

*Ramey v. Lewis*,
198 F. App'x 668 (9th Cir. 2006) ................................................................. 2

*Rollins v. Home Depot USA*,
8 F.4th 393 (5th Cir. 2021) ......................................................................... 9

*Sun Coast Res., Inc. v. Conrad*,
956 F.3d 335 (5th Cir. 2020) ...................................................................... 2

*United States v. Nixon*,
827 F.2d 1019 (5th Cir. 1987) .................................................................... 6

*Veasey v. Abbott*,
796 F.3d 487 (5th Cir.2015)...................................................................... 10

*Walling v. Morris*,
155 F.2d 832 (6th Cir. 1946) ............................................................... 5, 12

*Walling v. Yeakley*,
140 F.2d 830 (10th Cir. 1944) ............................................................. 5, 12

*Wirtz v. Mississippi Publishers Corp.*,
364 F.2d 603 (5th Cir. 1966) ............................................................... 5, 12

**Statutes**

FLSA ...............................................................................................................2, 9, 11

**Other Authorities**

29 C.F.R. § 541.602 .................................................................................... 1, 3

29 C.F.R. § 541.604(a)................................................................................ 7, 8, 14

29 C.F.R. § 541.604(b) ...........................................................................*passim*

29 C.F.R. § 778.207(b) ..................................................................................... 8

29 C.F.R. § 778.502(a) ................................................................................ 8

Fed. R. App. P. 35(a) ................................................................................ 6

Fed. R. App. P. 35(b) ................................................................................ 2

# I. ISSUE PRESENTED

Did the Panel[1] correctly affirm the district court's "thorough and detailed" ruling (supported by longstanding agency guidance, and an amicus brief from the United States Department of Labor) that Terry Gentry and Marc Taylor are entitled to overtime wages because Appellant failed to pay them on a salary basis?

# II. SUMMARY OF THE ARGUMENT

Yes, it did. The Supreme Court's *Helix*[2] decision confirms what the Fifth Circuit, District Judge Jeffrey V. Brown, and the Department of Labor told Hamilton-Ryker: It cannot pass the "salary basis" test by labeling the first 8-hours of Gentry's pay a "weekly salary" and then paying him by the hour. As the Supreme Court just confirmed, a "true salary" as required by 29 C.F.R. § 541.602 (§ 602) reflects what someone actually earns on a "weekly, or less frequent basis." *Helix*, 598 U.S. at 53 ("an employee paid on an hourly basis is paid by the hour, an employee paid on a daily basis is paid by the day, and an employee paid on a weekly basis is paid by the week").

Appellant's 8-hour guarantee doesn't do that. In fact, Appellant's "salary" had nothing to do with a week—it is expressly calculated on just 8-hours (*less than* Gentry's average day). Similarly, Appellant doesn't even pretend to meet the requirements of 29

---

[1]    *Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, No. 22-40219, 2023 WL 4704115, at *1 (5th Cir. July 24, 2023) (per curiam).

[2]    Appellant refers to the Supreme Court's ruling as "*Hewitt*" although it affirmed *sub nom Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39 (2023). Appellee uses "*Helix*" to refer to the Supreme Court's ruling, and "*Hewitt*" to reference the Fifth Circuit's *en banc* opinion in *Hewitt v. Helix Energy Solutions Group, Inc.*, 15 F.4th 289 (5th Cir. 2021).

C.F.R. § 541.604(b) (§ 604(b)). Appellant's arguments prove only that it "wishes neither to pay employees a true salary nor to pay them overtime. And the whole point of the salary-basis requirement is to take that … option off the table, even though doing so may well increase costs." *Helix*, 598 U.S. at 60.

So while Appellant bemoans the Panel's brevity, sometimes arguments are rejected "summarily"[3] because they lack merit (or were forfeited). That's what happened here. Respectfully, Appellant's request for reconsideration *en banc* is an abuse of the privilege. The facts lead to one conclusion: Appellant's pay practice did not comply with the FLSA. No further consideration is warranted.[4]

Appellant first claims the Panel's summary opinion conflicts with *Helix*. Not so. That the Fifth Circuit's opinion does not explicitly cite *Helix* does not mean it was not considered.[5] Both parties provided in-depth briefing on *Helix* and its application in *Gentry*. Furthermore, that the district court based its ruling on *Hewitt* prior to the

---

[3]    It is not even unusual. "More than 80 percent of federal appeals are decided solely on the basis of written briefs. Less than a quarter of all appeals are decided following oral argument." *Sun Coast Res., Inc. v. Conrad*, 956 F.3d 335, 340 (5th Cir. 2020).

[4]    Appellant inappropriately split its briefing regarding rehearing and rehearing *en banc*, an end-run around the word limits for rehearing. *See* Fed. R. App. P. 35(b)(3) ("For purposes of the [word] limits in Rule 35(b)(2), if a party files both a petition for panel rehearing and rehearing en banc, they are considered a single document even if they are filed separately[…].”). Appellant's panel request contained 3,361 words, and its request for rehearing *en banc* contained 3,893 words. Accordingly, Appellant exceeded its 3,900 words limitation by 3,354 words. Fed. R. App. P. 35(b)(2)(A). Its brief need not be considered at all. *Cf. Ramey v. Lewis*, 198 F. App'x 668, 669 (9th Cir. 2006) (citing Fed. R. App. P. 35(b)(3)). Nonetheless, Gentry responds as directed.

[5]    Appellant relies on *Hebert v. FMC Techs., Inc.*, No. 22-20562, 2023 WL 4105427 (5th Cir. June 21, 2023) (per curiam), but that decision doesn't "address" the Supreme Court's *Helix* decision either.

issuance of *Helix* does not create a presumption of a conflict—*Helix* affirmed *Hewitt*. Undeterred, Appellant reasserts its belief that *Helix* can be reduced to a single sentence, from a footnote,[6] taken out of context. Unsurprisingly, when placed in context, Appellant's interpretation would turn *Helix*, *Hewitt*, and the salary basis regulations on their heads.

*Helix* (*Hewitt*, § 604(b), etc.) confirms an employer is not excused from compliance with § 604(b) just because it provides a guarantee of at least the minimum salary level (i.e., a "salary") in addition to its hourly payments. *Helix*, 598 U.S. at 55; *Hewitt*, 15 F.4th at 294; *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 184 (3d Cir. 1988) (rejecting as "fundamentally incoherent" an argument that the employer satisfied the salary basis requirement by paying a guaranteed weekly amount, which a supervisor earned after working twelve and one-half hours, and paying hourly pay for all subsequent hours). Section 604(b) has "two conditions"—the "first" of which is a "guarantee" of "at least … the minimum salary level[.]" *Id.* at 47 (internal parenthesis omitted); *Hewitt*, 15 F.4th at 291.

Appellant nonetheless says *Helix* and § 604(b) don't apply here because it labels its guarantee of 8-hours' worth of pay a "weekly salary." Not true. Appellant paid at best "a minimum guarantee plus extras"—eight hours of supposed "salary" pay and

---

[6]   *Helix*, 598 U.S. at n.3 (an employer may satisfy the HCE's salary basis test by paying a pure weekly rate (29 C.F.R. § 541.602(a)) or, if paying a "minimum guarantee plus extras" not involving specifically exempt categories of pay (*e.g.*, bonuses, commissions) by complying with the reasonable relationship test (29 C.F.R. § 541.604(b))).

then hourly pay for all regular and overtime hours worked—but "**d[id] not even attempt to satisfy the reasonable-relationship test.**" *Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-cv-00320, 2022 WL 658768, at *6 (S.D. Tex. Mar. 4, 2022).

Appellant also suggests *Gentry* conflict with the summary opinion in *Hebert*, but that's also wrong. In *Hebert*, the plaintiff spent most of his time in an office being paid a salary. *Hebert*, 2023 WL 4105427, at *1. But he would "occasionally visit offshore sites to assist with the installation of FMC equipment." *Id.* While offshore, Hebert's workweek Hebert's workweek swelled to 12 hours a day for 6 or 7 days, beyond his normal office schedule. *See, e.g.*, Appellee's Brief at 6 (available [here](#)). For working *offshore* (not merely working a day), Hebert received a "field service premium." *Hebert*, 2023 WL 4105427, at *1. He argued this "premium payment for the specific services" meant "he was not paid on a salary basis." *Id.* at *2.

But Hebert's premium payment was not tied to his normal workweek, or even his typical job duties. Again, Hebert spent *most* of his time working in an office where, regardless of the number of days he worked, he would not receive any more (or less) pay. *Id.* at *1-3. His salary reflected his typical earning for a normal week, i.e., it met the "standard meaning of the word 'salary.'" *Helix*, 598 U.S. at 51-53 (a true salary must reflect what an employee typically earns "weekly basis").

That's not how Appellant paid Gentry. Instead, Appellant paid him by the hour with, at best, a "guarantee of [just 8-hours' pay] … regardless of the number of hours … worked[.]" 29 C.F.R. § 541.604(b). That Appellant labeled this 8-hours "guarantee"

a "weekly salary" changes nothing. An "employee is not paid on a 'salary basis' if the employee's usual weekly income calculated on an hourly basis far exceeds the 'salary' guarantee the employer provided[.]" *Hewitt*, 15 F.4th at 294 (cleaned up). Finally, Appellant's imagined conflict between *Gentry* and out-of-circuit decisions, *Litz*[7] and *Anani*,[8] already rejected in *Hewitt*, *Helix*, the district court, and the Panel, once again fails to persuade.

Appellant next claims its forfeited argument regarding DOL's power to regulate the FLSA's exemptions is so important that Appellant's failure to raise it should be forgiven. Wrong again. Courts consistently find DOL's power to enact a salary-basis test to be legal.[9] Moreover, the issue is obviously not of such importance that forfeiture should be forgiven because the Supreme Court refused to forgive its forfeiture in *Helix*. *Helix*, 598 U.S. at n. 3. Finally, there are active appellants before this Court who have not waived the issue.

This is a clear-cut case. At best, Appellant purported to pay a "salary" of eight hours' pay, then paid hourly pay for all hours worked thereafter in each workweek. That is not a salary. The clear nature of the violation warranted the summary judgment at the

---

[7]    *Litz v. Saint Consulting Grp., Inc.*, 772 F.3d 1 (1st Cir. 2014).

[8]    *Anani v. CVS RX Servs., Inc.*, 730 F.3d 146 (2nd Cir. 2013).

[9]    *Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603, 608 (5th Cir. 1966); *Walling v. Morris*, 155 F.2d 832, 836 (6th Cir. 1946); *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 259 (9th Cir.); *Walling v. Yeakley*, 140 F.2d 830, 833 (10th Cir. 1944).

district court and the summary opinion of the Panel. Nothing further remains to be done but for judgment to enter.

## III.   ARGUMENT AND AUTHORITIES

### A.   Standard.

Rehearing *en banc* is disfavored. *See* Fed. R. App. P. 35(a). Under "the practice of this Court *en banc* consideration is limited to cases involving a precedent-setting error of exceptional public importance or an opinion which directly conflicts with prior Supreme Court or Fifth Circuit precedent." *United States v. Nixon*, 827 F.2d 1019, 1023 (5th Cir. 1987) (cleaned up). Appellant has not established that either applies to *Gentry*.

### B.   There Is No Conflict Between *Helix* and *Gentry*.

Appellant begins its request for rehearing *en banc* with a red herring. (Appellant Rehearing *En Banc* Br. at 7.) Appellant alternately claims that (1) the summary opinion of the Panel is defective because it does not expressly reference the Supreme Court's opinion in *Helix*,[10] but only affirms the district court's ruling which relied on *Hewitt*[11] or (2) the summary opinion conflicts with *Helix* because it merely incorporates by reference the district court's ruling based on *Hewitt*. But again, *Helix* affirmed *Hewitt*.

Appellant nonetheless trots out its previously submitted argument regarding *Helix*'s footnote 3. (*Compare* Appellant Rehearing *En Banc* Br. at 5-6 *with* Appellant Br.

---

[10]   *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39 (2023)

[11]   *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289 (5th Cir. 2021).

at 22-25.) Gentry previously explained why footnote 3 "cannot mean that an employer is excused from compliance with § 604(b) any time it pays a minimum weekly guarantee in excess of the minimum salary level in addition to its hourly payments." (Appellee Br. at 22.) After all, if paying a minimum weekly guarantee exceeding the minimum salary level was enough to avoid application of § 604(b), the second step of § 604(b)—the comparison of the employee's "actual earnings" to the employee's guaranteed salary—would never occur. Similarly, if § 604(a) were not limited instances where time-based payments were made for work "beyond the normal workweek," § 604(b) would never apply. In short, just like the defendant in *Helix*, Appellant's argument depends on "carting § 604(b) off the stage" and "subvert[ing] § 604(b)'s strict limitations on when hourly pay counts as a salary."

Given the parties' on-point briefing, the lack of explicit reference to *Helix* in the *per curiam* opinion does not indicate that the Panel failed to consider *Helix*, but merely that the Panel agreed with Appellee and recognized that footnote 3 creates no issue with applying § 604(b) to pay schemes like Appellant's.

Regardless of whether the district court had the benefit of *Helix*, the Panel did. *Helix* did not publish after the submission of briefing to the Panel, and so Appellant's argument is just an echo of prior briefing with no additional substance. Repetitious argument of this ilk does not support rehearing *en banc*.

## C.    *Gentry* **Does Not Conflict with** *Hebert* **or Out-of-Circuit Cases.**

1. **The Infrequently Earned "Premium Payment for Specific Services" in *Hebert* Contrasts Sharply with the Ordinary Hourly Wages in *Gentry*, and Materially Alters the § 604(a) Analysis.**

Appellant says *Gentry* conflicts with the opinion in *Hebert*. (Appellant Rehearing Br. at 7-8; Appellant Rehearing *En Banc* Br. at 6-7.) That's just not true. Again, *Hebert* was a salaried installation engineer who typically "work[ed] in office environments and [only] occasionally visit[ed] offshore sites." *Id.* at *1. *Only* when he worked on offshore drilling sites, his employer afforded him some extra pay—a shift differential[12] or bonus[13] called a "field service premium." *Id.* It was not tied to days worked doing Hebert's normal job, but rather was a "premium payment for the specific services[.]" *Hebert*, 2023 WL 4105427, at *2. The Fifth Circuit correctly held that such pay falls squarely within the types of additional compensation that may be paid to salaried employees without losing the exemption. *See* 29 C.F.R. § 541.604(a) ("bonus payments" are additional compensation that do not cause an employer to lose an exemption or violate the salary basis requirement).

But as noted by the *Hebert* defendant, *Gentry* is materially different. Appellant did not pay Gentry a weekly salary, it guaranteed him 8-hours pay. *See* FMC Techs.'s 28(j)

---

[12]   *See* 29 C.F.R. § 778.207(b) ("The Act requires the inclusion in the regular rate of such extra premiums as nightshift differentials (whether they take the form of a percent of the base rate or an addition of so many cents per hour) and premiums paid for hazardous, arduous or dirty work.").

[13]   29 C.F.R. § 778.502(a) ("The term 'bonus' is properly applied to a sum which is paid as an addition to total wages usually because of **extra effort** of one kind or another, or as a **reward for loyal service** or **as a gift**. The term is improperly applied if it is used to designate a portion of regular wages which the employee is entitled to receive under his regular wage contract.") (emphasis added).

Response re: *Gentry* (available [here](here)). Gentry's hourly pay was not a bonus or a shift differential for remote work or work requiring additional effort. Instead, at least 80% of his pay for every 40-hour workweek was paid based directly on the number of hours he worked. Appellant's argument misses the key distinction between the type of compensation at issue in *Hebert* versus *Gentry*, and so fails to persuade.

2. **As Discussed at Length in Prior Briefing, *Gentry* Does Not Conflict with *Litz* or *Anani*.**

For (hopefully) the last time, Appellant raises the specter of *Litz* and *Anani*. (Appellant Rehearing Br. at 8-10; Appellant Rehearing *En Banc* Br. at 8-9.) The bedrock of *Litz* and *Anani* was, of course, that § 604(b) did not apply to "highly compensated employees." *Anani*, 730 F.3d at 148. We know conclusively from *Helix* (and before that *Hewitt*) that this is wrong. *Helix* at 58. Appellant's third and fourth passes at the argument do not add materially to its prior submissions, and so Gentry points the Court to his prior argument. (*See* Appellee's Br. at 24-27.)

D. **The Panel Did Not "Overlook" Appellant's Argument Regarding the DOL's Authority to Regulate FLSA Exemptions—Appellant Forfeited It.**

"A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). Despite flatly admitting it "did not raise this issue to the district court," (Appellant Rehearing *En Banc* Br. at 9), Appellant blames *the panel* for

not discussing[14] its argument regarding the validity of DOL's salary-basis regulation (Appellant Rehearing Br. at 17). Arguing it is a question of pure law, Appellants says this issue is of such exceptional importance that the Fifth Circuit must make up the issue. (Appellant Rehearing *En Banc* Br. at 10-14.). Again, the Supreme Court disagreed. *Helix*, 598 U.S. at n. 3.

Appellant's own citation establishes that whether to consider a forfeited argument is *discretionary. Ekhlassi v. Nat'l Lloyds Ins. Co.*, 926 F.3d 130, 138 (5th Cir. 2019). The Fifth Circuit usually applies "the general rule that the failure to raise an issue in the trial court waives the issue on appeal." *Belanger v. Geico Gen. Ins. Co.*, 623 F. App'x 684, 691 n.30 (5th Cir. 2015) (citing *Veasey v. Abbott*, 796 F.3d 487, 507–08 n. 22 (5th Cir.2015). It applies "the exception very sparingly in circumstances very different than those here." *Id.* It is not applied where "a party has wholly ignored a major issue." *Id.* (citing *Veasey*, 718 F.3d at 388).

Appellant merely regurgitates argument already presented to the Panel, but does not establish the Panel abused its discretion. On the other hand, in his original briefing, Gentry established that untimely argument, even as to purely legal questions, should only be entertained where the party advancing the untimely argument establishes that a failure to consider it would result in a "miscarriage of justice." (Appellee Br., p. 33.)

---

[14] The Panel's decision not to address the forfeited argument does not establish that it wasn't considered. It is equally plausible the Panel considered and rejected the untimely argument without belaboring the point because that is the typical result.

Appellant never demonstrated a miscarriage of justice would arise where (1) the Supreme Court refused to consider the same forfeited argument in *Helix*, and (2) the salary basis test has applied to millions of employers for decades. *Id.* at 34.

Further, the panel's decision to "declin[e] in this instance to consider this waived issue does not prevent [those defendants who raised] it—properly—in an appropriate … action." *Matter of Chesteen*, 799 F. App'x 236, 243 (5th Cir. 2020). Parties who have not forfeited this issue are challenging the Secretary's authority in this Court. *Mayfield v. U.S. Dep't of Lab.*, No. 1:22-CV-792-RP, 2023 WL 6168251, at *4 (W.D. Tex. Sept. 20, 2023) (appeal filed) (The "Department of Labor … has long utilized a minimum-salary test as one factor in determining an employee's exempt status[.] … This case presents the question of whether this approach is authorized under the statute[.]"). There is no reason to excuse Appellants' forfeiture in this 2 plaintiff FLSA case.

1.  **Even If the Panel Should Have *Discussed* Appellant's Forfeited Argument, DOL Has Express Authority to Define and Delimit a Salary-Basis Test.**

Similarly, the question is not of such exceptional importance to warrant *en banc* determination in this case.

Supposing the Panel (1) did not in fact consider Appellant's argument, and (2) did so in error—neither of which has been established by Appellant—it would not affect the outcome of the opinion because DOL clearly has authority to promulgate regulations mandating a salary be paid to exempt employees. Gentry will not rehash this argument but directs the Court to his prior briefing clearly showing that DOL's

regulations are entitled to *Chevron* deference[15] and that Appellant's reliance on a district court ruling in *Nevada*[16]—a case that predates this one altogether—is misplaced.[17]

Gentry also noted the Fifth, Sixth, Ninth and Tenth Circuits have all held that the "salary basis" regulations are not procedurally defective, arbitrary or capricious, or manifestly contrary to the statute. *Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603, 608 (5th Cir. 1966) ("The statute gives the Secretary broad latitude to 'define and delimit' the meaning of the term 'bona fide … [exempt] capacity.' We cannot say that the minimum salary requirement is arbitrary or capricious."); *Walling v. Morris*, 155 F.2d 832, 836 (6th Cir. 1946); *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 259 (9th Cir.); *Walling v. Yeakley*, 140 F.2d 830, 833 (10th Cir. 1944) ("salary is a pertinent criterion and we cannot say that it is irrational or unreasonable to include it in the definition and delimitation"). Thus, to grant Appellant's request for a rehearing *en banc* on this basis would create a *departure* from the Fifth Circuit's uniformity of decisions and a circuit split, the exact opposite of what a rehearing is intended to do.

Appellant's offers the same parade of awfuls, that employees would be unjustly deemed non-exempt solely based on method/frequency of pay, flood of lawsuits, and "punishment" of employers who provide sums to employees over the salary threshold[18]

---

[15]   *Id.* at 36-37.

[16]   *Nevada v. DOL*, 275 F. Supp. 3d 795, 805-06 (E.D. Tex. 2017).

[17]   Appellee Br. at 37-40.

[18]   Appellant's Rehearing *En Banc* Br. at 10.

that the Supreme Court rejected in *Helix*. *Helix*, 598 U.S. at 59. Employers can control the method and frequency of pay of their employees, there is no injustice in ensuring exempt employees receive a "true" weekly salary. Moreover, employers may pay sums over salary in appropriate circumstances without losing exemptions, eliminating concerns regarding "punishment" to compliant employers. And as to the "flood" of lawsuits, employers just need to pay reasonable wages to their employees in compliance with the regulations if they want to avoid lawsuits, as has always been the case. Nothing here is new and nothing not of such importance to be due additional scrutiny.

## IV.   CONCLUSION

As Mr. Gentry himself reached before he passed away: "$984 is eight hours pay. […] a weekly pay is 40." ROA.773. The district court,[19] the DOL[20] and the panel[21] were correct: Appellant failed to pay Gentry on a weekly or less frequent *basis* and never even attempted to comply with § 604(b). In short, Appellant failed the salary basis test.

---

[19]   By its plain terms, § 541.604(a) applies when an employee receives a guaranteed minimum weekly salary for work completed during the normal workweek but "also receives additional compensation **based on hours worked for work beyond the normal workweek**." § 541.604(a) (emphasis added). This emphasized language is proscriptive. Although § 541.604(a) goes on to explain that additional compensation "may be paid on any basis," including hourly, the proscriptive language makes plain that the employer may only do so for hours worked beyond the normal workweek.

ROA.1265.

[20]   For example, the Department of Labor has confirmed (repeatedly) that § 604(a) means exactly what it says: Additional compensation "based on hours worked" must be "for work ***beyond* the normal workweek.**" *See* 29 C.F.R. § 541.604(a). As the DOL told the Supreme Court in *Helix*:

The quoted language reflects that an employee's total compensation may include "additional compensation"—such as a "commission" or a percentage of "sales or profits"—supplementing his full-week salary. 29 C.F.R. § 541.604(a). And the only permissible "additional" compensation that can be based on the amount of time worked is that for work "beyond the normal workweek." *Ibid.*

Brief of the Department of Labor as Amicus Curiae at 12, *Helix*, 598 U.S. 39 (2023) (available here) (emphasis in original).

First, the employer may pay the employee a predetermined amount that is no less than the employee's full salary for a week, month, year, or more, without regard to the amount of time the employee actually works. The employer may pay the employee, on top of this full salary, additional hourly compensation for hours worked beyond their normal workweek, but may not pay them hourly compensation for hours worked within their normal workweek.

DOL Amicus at 2.

[21]   "The parties agree that only the 'salary-basis' test is at issue. As the R&R ably and thoroughly analyzes, HR-IT cannot satisfy its burden to demonstrate that Gentry and Taylor fall into the exemptions." *Gentry*, 2023 WL 4704115, at *1.

14

The Fifth Circuit should, respectfully, deny Appellant's request for rehearing *en banc* because the Panel already faithfully applied the law.

Dated: October 25, 2023

Respectfully submitted,

s/Melinda Arbuckle
Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@wageandhourfirm.com
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@wageandhourfirm.com
Wage and Hour Firm
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 210-2100
(469) 319-0317 – facsimile

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
8 Greenway Plaza, Suite 3025
Houston, Texas 77046
(713) 877-8788
(713) 877-8065 – facsimile

**ATTORNEYS FOR PLAINTIFF-APPELLEE**

## CERTIFICATE OF SERVICE

I certify, in accordance with Fed. R. App. P. 25(d) and 5th Cir. R. 25.2, that on October 25, 2023, I caused the foregoing document to be filed with the Court, and served on counsel by filing it through the Court's CM/ECF system, which will electronically notice the following counsel of record:

Ashlee Cassman Grant
Paul M. Knettel
811 Main Street, Suite 1100
Houston, Texas 77002
agrant@bakerlaw.com
pknettel@bakerlaw.com

s/Melinda Arbuckle
Melinda Arbuckle

**ATTORNEY FOR PLAINTIFF-APPELLEE**

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

      1.     This document complies with the type-volume limit of Rule 35(e) of the Federal Rules of Appellate Procedure, because, excluding exempted portions of the document:

        ■      this document contains 3,895/3,900 words; or

        ☐      this document is a handwritten or typewritten document not exceeding 15 pages.

      2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ■   this document has been prepared in a proportionally spaced typeface using Microsoft® Word in 14-point Garamond font, or

   ☐   this document has been prepared in a monospaced typeface using _____ with ____.

Dated: October 25, 2023           s/Melinda Arbuckle              
                                    Melinda Arbuckle

                                    **ATTORNEY FOR PLAINTIFF-APPELLEE**